LONG BROTHERS, Respondents, v. BOLEN COAL COMPANY, Appellant.

Kansas City Court of Appeals, February 19, 1894.

1. **Justices' Court**: APPEAL INFORMAL: APPEARANCE. Although the bond for an appeal from the justice be informal and the order of the justice a nullity, yet if the papers are lodged with the circuit clerk and the appellee appears to the merits without objection, the defects are waived and the circuit court acquires jurisdiction.

2. **Appellate Practice**: ABSTRACT: EXCEPTION: AMENDMENT. The appellate court will not take notice of an objection that the amended statement filed in the circuit court changed the cause of action tried in the justice's court, when the original statement is not set out in the abstract nor the exception saved to the action of the court in permitting the amended statement to be filed.

3. **Landlord and Tenant**: NOTICE TO TERMINATE LEASE: SERVICE OF. Where there are two landlords, a notice to terminate a tenancy from month to month must be served upon each of them.

4. ———: LIABILITY FOR RENT TO END OF TERM. *Held*, whether plaintiff's theory of a tenancy from year to year, or defendant's theory of a tenancy from month to month, be correct in this case, still defendant owes the rent for August for which the suit is brought.

Long Bros. v. Bolen Coal Co.

5. **Appellate Practice**: DUTY OF COURT AS TO AFFIRMANCE: INSTRUC-
TION. It is the duty of the appellate court to affirm the judgment
where the verdict is for the right party, though an instruction, while
erroneous, could not prejudice the appellant.

*Appeal from the Jackson Circuit Court.*—HON. E. L.
SCARRITT, Judge.

AFFIRMED.

*Meservey, Pierce & German* for appellant.

. (1) Plaintiffs were not authorized under the stat-
ute to amend their statement in the circuit court so as
to change their cause of action from the one embraced
in the original account or statement. R. S. 1889,
section 6347; *Sturges v. Botts*, 24 Mo. App. 282;
*Gregory v. Railroad,* 20 Mo. App. 448. (2) The
tenancy was one from month to month, beginning
on the first of one month and extending to the first of
the following month. R. S. 1889, section 6371; *Griffith
v. Lewis*, 17 Mo. App. 605; *Hammon v. Douglas*, 50 Mo.
434; Taylor on Landlord and Tenant, sec. 69. (3) Such
a tenancy may be terminated by one month's notice in
writing of an intention to terminate the tenancy, and
if it is served on the thirtieth day of June and states
that the tenancy is to terminate on August 1 following,
it is sufficient. R. S. 1889, sec. 6371; *Drey v. Doyle*,
28 Mo. App. 249; *Russell v. McCartney*, 21 Mo. App.
544. (4) The service of the notice on the wife of John
Long after business hours, at his residence, and after
search for and failure to find him, was sufficient. *Beiler
v. Devoll*, 40 Mo. App. 251; *Van Studdiford v. Kohn*,
46 Mo. App. 436; Taylor on Landlord and Tenant,
sec. 484. (5) But if the notice or service was defective,
plaintiffs waived the defect by repudiating the tenancy
on the pretense that it was a tenancy for a year and not
one from month to month, and in allowing defendant

to leave the premises without objection. *Drey v. Doyle*, 28 Mo. App. 249; s. c., 99 Mo. 459; *Boynton v. Bodwell*, 113 Mass. 531. (6) No recognizance of appeal such as the statute requires having been filed, and no appeal having been asked for or allowed by the justice of the peace, the circuit court acquired no jurisdiction of the cause. The record does not show a single step toward an appeal, and until a return of the justice showing the allowance of an appeal, the circuit court does not become possessed of the cause. *Spencer v. Beasley*, 48 Mo. App. 97; *Whitehead v. Cole*, 49 Mo. App. 428; *Babcock v. St. Louis D. Co.*, 51 Mo. App. 24; *Devore v. Staeckler*, 49 Mo. App. 547.

*J. W. Gillespie* for respondents.

(1) The attempt of appellant to serve respondents with notice of its intention to quit the premises, was wholly abortive, and there was obsolutely no proof of any service of such notice. The appellant contends that the notice or paper left at the residence of John Long on the thirtieth of June, found on page 11 of his abstract, was served on plaintiffs. There never was any legal service of this notice. *Ryan v. Kelly*, 9 Mo. App. 396; *Corneli v. Partridge*, 3 Mo. App. 575. The court will observe that there are two joint owners of the premises, for the rent of which the suit is brought, and the action is in the name of both. (2) There is no merit in appellant's objection to the jurisdiction of the circuit court. This question is effectively settled by the decision in *Welch v. Railroad*, 55 Mo. App. 599. (3) Appellant's abstract does not show that plaintiffs filed an amended statement in the circuit court. But even if such amended statement was filed, the record fails to disclose any objection by defendant to its being filed, and it is now too late to make such objection.

SMITH, P. J.—This is a suit, commenced before a justice of the peace, to recover rent. The defendant had judgment before the justice. The plaintiffs filed an affidavit and bond for an appeal. The former was proper while the latter omitted the name of the defendant as obligee therein. The justice's docket did not show that an appeal had been granted but recited "that the plaintiff files affidavit asking for change of venue and a change of venue allowed to the circuit court of Jackson county." The affidavit and bond were filed with the justice in time to entitle plaintiffs to an appeal. The justice deposited with the clerk of the appellate court the statement, affidavit and bond for appeal with a transcript of the entries on his docket. No objection was made to the jurisdiction in the appellate court on account of any of the imperfections in the proceeding before the justice. The defendant appeared to the merits and proceeded to the trial of the case which resulted in judgment against it, from which it has appealed.

The entry on the justice's docket referred to was a mere nullity, but since he returned the appeal to the circuit court the same must be considered as having been allowed although no entry thereof appears in the record. R. S., sec. 6334. And since the appeal was returned to the appellate court though defectively taken and the defendant appeared thereto, the circuit court acquired jurisdiction and it is now too late to raise that objection for the first time. The amount sued for was $100 and upon the filing of the statement by the justice in the circuit court and the other papers already mentioned, and the appearance of the defendant thereto and proceeding to trial of the cause on the merits, the defects in the proceedings taken before the justice for the appeal must be considered

as waived. This gave the court jurisdiction. *Welch v. Railroad*, 55 Mo. App. 599; *Sampson v. Thompson*, 56 Mo. App. 266; *Pearson v. Smith*, decided by us at the present term.

The defendant further objects that the plaintiffs should not have been permitted to amend their statement in the appellate court so as to change the cause of action embraced in their original statement. As the original statement is not to be found in the record before us, we are, of course, unable to determine whether this objection was well taken or not. And besides this, there seems to have been no exception saved to the action of the court in allowing such amendment, so that in any event the action of the court in that regard is not open to review by us.

The defendant further complains of the action of the court at the conclusion of all the evidence in giving a peremptory instruction to the jury to find for the plaintiff the amount of the August rent, being $100. It was admitted that the plaintiffs had in writing leased to the defendant a certain storeroom in Kansas City for two years, ending October 10, 1890, at $115 per month. It further appears by the plaintiffs' evidence that the day before the expiration of this lease, by a verbal agreement, they rented the store to defendant for another year at a reduced rent of $100 per month; that the defendant continued to occupy the store and pay the rent up to July 31, 1891, when it moved out and refused to pay any more rent. The plaintiffs sued for the August rent.

The defendant's evidence tended to show that it rented the store from month to month at the monthly rent of $100 and that it gave the plaintiff, John Long, one month's written notice of its intention to quit by serving the same on his wife. Whether the facts were such as to justify the service of

notice on the wife of one of the plaintiffs, it is unnecessary to decide since there is no pretense that there was any service of notice on the other plaintiff, Adam Long. No fact was shown which made it unnecessary to serve Adam Long with the notice. The notice was directed to both of the plaintiffs under the name of "Long Bros." Both plaintiffs resided in Kansas City at the time of the alleged service of the notice on the wife of one of them.

We think the service of the notice was no service at all, and if there was no service there could be no waiver thereof. Both plaintiffs were entitled to the notice and this, it is not denied they did not receive. There being no notice to plaintiffs, they could not object to its insufficiency. Nor does it appear that there was any delivery or acceptance of possession. There was no fact from which a waiver could be inferred.

If the defendant was a tenant from year to year then it is liable for the unpaid August rent. If it was a tenant from month to month, as it contends was the fact, then it was liable for the August rent for the reason that it did not give the plaintiffs the thirty days' previous notice of its intention to terminate the tenancy as required by the statutes. Section 6371. So that in either case the defendant was liable for the August rent. The plaintiffs' statement alleged that the defendant, by parol, agreed to hold the store another year after the written lease expired, at the rental of $100 per month, payable in advance. The peremptory instruction already partly quoted declared that the tenancy in question was from month to month and that there was no evidence tending to show that defendant terminated such tenancy by giving plaintiffs' one month's notice, etc. According to the plaintiffs' theory, the tenancy was from year to year though

the rent was payable monthly, but according to that of the defendant, it was a tenancy from month to month which had been terminated by proper notice.

We cannot think that under the evidence the court was justified in declaring as a matter of law that the tenancy was from month to month, but we can find no fault with that part of the declaration which declares there was no notice to the plaintiffs. No difference what the character of the tenancy was, it is certain, that if there was no notice, then the plaintiffs were entitled to recover the August rent.

The verdict is, therefore, for the right party. The assumption of the instruction in the particular just stated while erroneous could not operate to the prejudice of defendant. What is our duty as a reviewing court under such circumstances? This question finds its answer in the statutes (section 2603) which forbids us to reverse a judgment unless we believe that error was committed against an appellant materially affecting the merits of the action.

It results from this that we must affirm the judgment. All concur.