James Lowry, Respondent, v. W. D. Phillips, Appellant.

Kansas City Court of Appeals, March 26, 1894.

Justices' Court: APPEAL: APPEARANCE: AMENDED AFFIDAVIT. Though the affidavit for an appeal from a justice's court be defective, if the appellee appears and goes to trial without objection, he admits the jurisdiction of the circuit court and waives the defects in the affidavit; and the appellee has the right to file an amended affidavit at any time before the motion to dismiss has been determined.

*Appeal from the Putnam Circuit Court.*—HON. ANDREW
ELLISON, Judge.

REVERSED AND REMANDED.

*A. D. Christy and A. W. Mullins* for appellant.

The circuit court had jurisdiction of the cause both
as to the parties and the subject-matter in controversy,
and therefore erred in sustaining plaintiff's motion for
new trial and his motion in arrest of judgment, and
then, after the defendant, by leave of the court, had
filed an amended affidavit for appeal, strictly comply-
ing with the provisions of the present statute, on plain-
tiff's oral motion, dismissing the appeal. *Welsh v.
Railroad*, 55 Mo. App. 599.

*Marshall & Franklin Bros.* for respondent.

There was no error committed by the court in
granting the new trial and sustaining the motion in
arrest of judgment. R. S. 1889, sec. 6330; *Whitehead
v. Cole & Rodgers*, 49 Mo. App. 428; *Spencer v. Beas-
ley*, 48 Mo. App. 97.

SMITH, J.—This was a suit commenced before a
justice of the peace before whom the plaintiff had
judgment from which the defendant appealed. The
affidavit for the appeal was made in conformity to the
requirements of section 3043, Revised Statutes, 1879.
There was a trial *de novo* in the circuit court, both par-
ties participating therein, which resulted in a verdict
for the defendant, which on motion of plaintiff was sub-
sequently set aside. Thereupon the defendant offered
to file an affidavit for an appeal as required by section 6330
Revised Statutes, 1889. This offer was rejected by the
court. The court thereafter on the oral motion of the

plaintiff dismissed the defendant's appeal on the ground that it had not acquired jurisdiction of the case.

The affidavit for the appeal was clearly defective, but since the plaintiff, appellee, voluntarily appeared in the circuit court and there proceeded to the trial of the merits without interposing any objection to the sufficiency of the affidavit or the defect of jurisdiction, this must be construed as an admission by him that he was subject to the jurisdiction of the court and as a waiver of a previous defect in the manner of taking the appeal. We must hold the court had by the appeal jurisdiction of the parties and the subject-matter of the suit. *Pearson v. Gillett*, 55 Mo. App. 312; *Long v. Bolen Coal Co.*, 56 Mo. App. 605; *Sampson v. Thompson*, 56 Mo. App. —; *Welch v. Railroad*, 55 Mo. App. 599.

While the filing of the amended affidavit was made unnecessary by the appearance of the plaintiff, still there could be no valid objection to the defendant's right to file it, even at the time when he offered to do so. The defendant had the statutory right to file an amended affidavit at any time before a motion to dismiss had been determined. R. S., sec. 6340.

It results from these considerations that the judgment of the circuit court dismissing the cause must be reversed and the cause remanded for further trial. All concur.