NELSON MORRIS et al., Plaintiffs, v. FRED SCHERER et al., Defendants; HARRY S. HARMON, Respondent; WILLIAM SCHAEFER et al., Appellants.

St. Louis Court of Appeals, November 1, 1898.

1. **Appellate Practice**: SECTION 6333, REVISED STATUTES 1889: APPEAL FROM JUSTICE COURT. Appellate courts will not review on appeal the findings of the trial court, in actions at law, where there is testimony to sustain such findings.

SEPARATE OPINION OF JUDGE BLAND.

2. **Same**: SECTION 6333, REVISED STATUTES 1889, EQUITABLE IN ITS NATURE. Section 6333, Revised Statutes 1889, is equitable in its terms, and should be liberally construed so as to prevent the denial of appeals on narrow and technical grounds. The order to be made on the justice is in the discretion of the court or judge, and should be judicially exercised so as to carry out the liberality of the statutes concerning appeals from justice's courts. This discretionary action may be reviewed by an appellate court.

VOL. 76 app—26

*Appeal from the St. Louis City Circuit Court.*— HON. JAMES E. WITHROW, Judge.

AFFIRMED.

DODGE & MULVIHILL and S. S. MERRILL for respondent.

The only question involved in this case is whether the appellants had perfected their appeal—in other words, had they submitted a bond which the justice approved as such, as alleged in their petition for a rule and attachment? This question, with all the evidence bearing thereon, was submitted to the circuit court, who decided against the contention of the appellants. At most all that can be claimed by the appellants on this subject is that the evidence relating thereto is conflicting. Will this court review the decision of the circuit court in a suit at law on a matter of fact, when the evidence relating thereto is conflicting? Where there is a conflict of testimony, justifying a finding either way, the appellate court will defer to the finding of the trial court. Holt v. Johnson, 50 Mo. App. 373. Appellate courts will not disturb the findings of the circuit courts in actions at law on the ground that they are contrary to the evidence, unless there is a complete failure of testimony tending to support the verdict or finding. Williams v. Monroe, 125 Mo. 574, 579; State v. Fischer, 124 Mo. 460, 462. When the circuit court, sitting as a jury, tries a case the appellate court, will not weigh the evidence and determine whether the finding of the trial court was correct on the evidence. Honeycutt v. Railroad, 40 Mo. App. 674; Bray v. Kremp, 113 Mo. 552, 559. The Missouri appellate courts have no constitutional power to pass

upon the weight of conflicting evidence in an action at law.  Blanton v. Dold, 109 Mo. 64, 69.

H. M. WILCOX and ALBERT H. ENGEL for appellants.

Section 6328, Revised Statutes 1889, provides what is necessary to be done to perfect an appeal from a justice of the peace.  Section 6329, Revised Statutes 1889, provides the requisites of the required bond and merely suggests a form.  All the provisions of the act concerning appeals from justices of the peace were duly complied with by appellants in this case.  It is the duty of a justice to allow an appeal when the above provisions have been complied with.  The act of allowing an appeal is a ministerial act exercised by the justice after his judicial act of approving the bond.  R. S. 1889, secs. 6332 and 6333.  If a justice refuses to allow an appeal after the provisions of the statute concerning appeals have been complied with, the proper remedy is by rule and attachment.  R. S. 1889, sec. 6335.  There is no objection raised to the affidavit or the form or amount of bond or to the time when it was offered.  Appellants contend that respondent approved the bond when offered and allowed the appeal.  Respondent contends that he did not approve the bond or allow the appeal, and in support of his position relies largely upon the fact that the bond does not contain his signature of approval.  The trial court's rulings and finding, as the record shows, seem to have been made upon and governed by this fact.  We submit that the signing of a justice's name to a recognizance is not the act of approval.  The approval of a bond or recognizance is an act of the mind.  The signature of the justice is merely one of the evidences of approval.  The bond offered in this case is a sufficient security.

Real estate held in trust as Neslage's property was held, is liable to be seized and sold upon execution. R. S. 1889, sec. 4915; Bispham's Equity, sec. 51; Fetter's Equity, sec. 121; Tiedeman on Real Property, sec. 503; Brant v. Robertson, 16 Mo. 129; Hammond v. Johnson, 93 Mo. 210; Slattery v. Jones, 96 Mo. 216; Eneberg v. Carter, 98 Mo. 647; Holloway v. Holloway, 103 Mo. 275; Woodard v. Mastin, 106 Mo. 324; Block v. Morrison, 112 Mo. 343. Respondent does not attempt to deny that Otto W. Neslage was possessed of real property of the market value of an undivided one fourth of $12,000 and that he also owned an undivided one half interest in a meat market, and an interest in a laundry * * * After approving a bond, a justice can not .after the time for the appeal has elapsed set aside his approval and refuse to allow the appeal. Guzzi v. Cassesse, 18 Pa. Co. Court, 415. If the respondent did not intend at the time to approve the bond and allow the appeal, he, by his acts and language, caused appellants to believe in good faith that the bond was approved and appeal allowed, and he is now estopped from denying that he approved the bond and allowed the appeal. The doctrine of estoppel may be invoked as against a justice of the peace in the exercise of his functions as well as against any other individual. Fowler v. Carr, 63 Mo. App. 486; Union Depot. Co. v. St. Louis, 76 Mo. 393; Johnson-Brinkman v. Railroad, 126 Mo. 345; DeBerry v. Wheeler, 128 Mo. 84. Respondent in his brief contents himself by saying that this court will not review the decision of the circuit court because this is an action at law and there is conflicting evidence. If that be true, then the appellate court will not interfere although it clearly appears from the conflicting evidence that injustice has been done or that the discretion of the trial court has been "unsoundly or

arbitrarily exercised." Such is not the law. Kuenzel v. Stephens, 73 Mo. App. 14, and cases there cited; Millar v. Madison Car Co., 130 Mo. 517; Baughman v. Fulton, 139 Mo. 557; Kaufman–Wilkinson Lumber Co. v. Christophel, 59 Mo. App. 80; Hill v. Railroad, 60 Mo. App. 593; Bank v. Wood, 124 Mo. 72, 77.

BOND, J.—On the fourth of March, 1898, Fred Scherer, William Schaefer and Fred Schwobel, filed a motion in the circuit court of the city of St. Louis, for a rule upon H. S. Harmon, a justice of the peace of said city, requiring him to allow an appeal in the case of Nelson Morris et al. v. Fred Scherer et al., wherein he had rendered judgment against the movers, and wherein they alleged they took an appeal and executed a bond therefor, which was approved by said justice, within ten days after the rendition of said judgment, notwithstanding which he had failed to allow such appeal and make proper return of the papers in said cause to the circuit court. The return of the justice in substance is, that the suit in question was begun and tried before him and was decided in favor of the plaintiffs therein; that one of the defendants and his attorney, made any affidavit for an appeal and offered as security on a bond therefor one Otto W. Neslage; that the bond was for $700; that the respondent justice not being satisfied, after an examination, of the sufficiency of said surety, so informed the defendant and his counsel, and stated that he would have "to look up the standing of Mr. Otto W. Neslage, before accepting him on the seven hundred dollar bond:" that after such investigation he declined to allow the appeal, or to approve the bond. To this return the movers filed an answer averring in substance, that said justice allowed the appeal prayed by them.

It is stated in the briefs of appellants in this court

as follows: "Upon the issue thus made, appellants and respondents on March 12th offered evidence tending to sustain their respective positions." It is conceded in the record before us that the justice did in point of fact affix his approval to the bond tendered for the appeal. After hearing the evidence, the circuit judge found the issues for the defendant justice and overruled the motion, from which judgment an appeal was prosecuted to this court.

The proceedings in this case are based on section 6333 of the Revised Statutes of 1889. The remedy provided is purely statutory and legal in its nature. It has been repeatedly held that similar proceedings, though triable by the court without a jury, are not reviewable on appeal as to the finding of facts made by the trial judge. Daudt v. Keen, 124 Mo. 105; St. Louis v. Wetzel, 110 Mo. 260; Smith v. Finn, 77 Mo. 499; Rubey v. Coal & Mining Co., 21 Mo. App. 159; Todd v. Terry, 26 Mo. App. 598; Chouteau v. Consoue, 1 Mo. 350. On the trial in the circuit court no declarations of law were asked or given, hence we are unaware of the legal theory applied to the conflicting evidence submitted to the circuit judge. The record shows ample testimony to sustain his finding of the facts. The judgment is therefore affirmed. Judge BLAND concurs for the reasons given in a separate opinion. Judge BIGGS dissents.

REMEDY, legal.

### SEPARATE OPINION BY JUDGE BLAND.

The justice found the surety on the appeal bond, deposited with him, insufficient. I have no criticism to make of this finding, for the evidence, to my mind, leaves the solvency of the surety in doubt. When the defendant was notified of the non-approval of his

appeal bond by the justice, the time for taking an appeal had passed, so that he could not make good his right to an appeal by filing a new bond. The justice should have notified him in time to give a new bond, and, if the defendant's testimony is to be believed, he was deprived of his right of appeal by the fault or negligence of the justice in failing to give timely notice of his non-approval of the bond. In the circuit court the defendant was in the attitude of asking the court to compel the justice to grant him an appeal without a sufficient appeal bond. This the court had no authority to do. The defendant, with his motion, or before its final termination, should have filed a good and sufficient appeal bond in the circuit court, or offered to do so, which I think he might have done under the liberal provisions of section 6333, Revised Statutes 1889. He neither did nor offered to do this, for which reason I agree to an affirmance of the judgment. To my mind, section 6333, *supra*, is equitable in its REMEDY: equitable. terms and should be liberally construed, so as to prevent the denial of appeals from the judgments of justices of the peace on narrow and technical grounds. In my view of the statute the order to be made on the justice is in the discretion of the court or judge. This discretion should be judicially exercised, so as to carry out the liberality of the statutes concerning appeals from justices' courts. This discretion, like any other discretionary action, may be reviewed by an appellate court; hence I do not concur in so much of the opinion of Judge BOND as holds that an appellate court is bound by the finding of the facts by the circuit court in a case under this statute if there is any evidence to support it, as in ordinary actions at law.