Moston v. Stow.

---

ADALINE MOSTON, Respondent, v. HARRY J. STOW, Appellant.

Kansas City Court of Appeals, January 20, 1902.

1. **Justices' Courts:** APPEAL: AFFIDAVIT: AMENDMENT: WAIVER. An appellant should amend his affidavit for appeal during the pendency of the motion to dismiss for defects therein, but if he amends after the motion is overruled and the parties appear and go to trial, the irregularity is waived.

2. **Married Women:** DEED OF COMMON-LAW ESTATE. Under the Missouri statute, a married woman's deed conveying her common-law estate is not void and the courts will enforce it against her.

3. **Landlord and Tenant:** PURCHASE OF LANDLORD'S TITLE: UNLAWFUL DETAINER: EVIDENCE. Where a tenant at foreclosure sale buys the landlord's title, the tenancy is extinguished

and the subtenant, in an action of unlawful detainer, may show such purchase by the tenant and his lease from such tenant.

4. ——— : ———: JOINT DEED OF SEPARATE OWNERS: FORE-CLOSURE. Plaintiff, the owner of one 80, and B the owner of another, gave a joint deed of trust on both tracts. Plaintiff then leased both tracts. Subsequently and before foreclosure plaintiff bought B's 80. At the sale the tenant became the purchaser. *Held,* the tenancy as to both tracts was extinguished.

5. **Forcible Entry and Detainer:** MEASURE OF DAMAGES. Damages in an unlawful detainer can be recovered only from the date of demand and not from the date of possession.

Appeal from Maries Circuit Court.—*Hon. James E. Hazell,* Judge.

REVERSED.

*Crites & Garrison* for appellant.

(1) The court erred in overruling defendant's motion to dismiss this cause, and in permitting the plaintiff to file an amended affidavit for an appeal after defendant's motion to dismiss had been by the court determined. Sec. 4062, R. S. 1899; Sec. 4072, R. S. 1899; Spencer v. Beasley, 48 Mo. App. 97; Whitehead v. Cole & Rodgers, 49 Mo. App. 428; Devore v. Staeckler, 49 Mo. App. 547; Kelm v. Hunkler, 49 Mo. App. 664; State v. Thompson, 81 Mo. 163; Moulder & Simpson v. Anderson, 63 Mo. App. 34. (2) The court erred in not permitting the defendant to show how he came into the possession of the real estate in controversy, and that he was a tenant of one N. L. Stow, and had attorned and paid rents to said N. L. Stow who was the purchaser of said land by the foreclosure of a deed of trust. Sec. 4112, R. S. 1899; Pentz v. Kuester, 41 Mo. 447; Gunn v. Sinclair, 52 Mo. 327; May v. Luckett, 54 Mo. 437; Kingman v. Abington, 56 Mo. 46; Holden Building & Loan Ass'n. v. Wann, 43 Mo. App. 640. Pierce v. Rollins, 60 Mo. App. 497; Culverhouse v Worts, 32 Mo. App.

427; Lindenbower v. Bentley, 86 Mo. 515. To the same effect and holding the same we cite: Freeman v. Moffitt, 119 Mo. 280-295. (3) Appellant contends that the deed of trust, notes, trustee's deed, and subsequent leases from the purchaser under said deed of trust at the foreclosure sale, was legal and competent evidence. Kingman v. Abington, 56 Mo. 46; Pierce v. Rollins, 60 Mo. App. 497; Lindenbower v. Bentley, 86 Mo. 515; Culverhouse v. Worts, 32 Mo. App. 427; Freeman v. Moffitt, 119 Mo. 280, 295. The demand offered in evidence by the plaintiff was dated November 28, 1898. It was served upon the defendant November 29, 1898. (4) The measure of damage is not from the time the cause of action accrued, but from the time and date of the demand for possession. An instruction in an unlawful detainer case, telling the jury to assess damages from the time the defendant took possession of the premises, and not from the time of demand, is erroneous. Finley & Miller v. Magill, 57 Mo. App. 481.

*J. W. Terrill* and *W. S. Pope* for respondent.

(1) It is true that the record is so made up that it appears that the affidavit for appeal was filed on the day after the motion to dismiss for want of sufficient affidavit was overruled. It is evident from the record, however, that the said record was a mere confusion of entries, not noticed by anyone at the time. No exceptions were taken at the time to the action of the court. The parties voluntarily went to trial at next term of court, and no mention is made of the discrepancy, until motion for a new trial is filed. Welsh v. Railroad, 55 Mo. App. 599; Moulder & Simpson v. Anderson, 63 Mo. App. 34; Van Scoyoc v. Wolfe, 73 Mo. App. 430. (2) The note and deed of trust made by plaintiff in 1881 was void as to her. So was trustee's deed to defendant's father, so far as land she owned. Bauer v. Bauer, 40 Mo. 61; Higgins v.

Piltzer, 49 Mo. 152; Bachman v. Lewis, 27 Mo. App. 81; Van Rheeden v. Bush, 44 Mo. App. 283; Bruns v. Capstick, 46 Mo. App. 397.   She could not affirm after becoming single.   Musick v. Dodson, 76 Mo. 624.   (3)   Respondent's position is, that inasmuch as the deed of trust given by her was void, there could be no lawful attornment for the eighty she owned at time of executing the same, and inasmuch as the other eighty was conveyed by a party other than the party in possession who made the lease that defendant went into possession under, he could not defeat respondent by attorning to a purchaser under a deed of trust made by one other than herself.   The deed of trust must have been made by the landlord.   Pierce v. Rollins, 60 Mo. App. 497; Silvey v. Summer, 61 Mo. 253; Krank v. Nichols, 6 Mo. App. 72; Leahy v. Lubman, 67 Mo. App. 191; Alexander v. Westcott, 37 Mo. 108; May v. Luckett, 54 Mo. 437; R. S. 1899, secs. 3343, 3357, 4106, 4107.

BROADDUS, J.—This suit was commenced October 18, 1899, before a justice of the peace and appealed to the circuit court where it was tried and finding and judgment had for the plaintiff; from which the defendant appealed.

In the circuit court the defendant, on the third day of April, 1900, filed a motion to dismiss the appeal on the ground that the affidavit for appeal failed to show that the plaintiff, who had appealed from the finding in the justice's court, had complied with the statute regulating appeals, in that the affidavit did not state whether she had appealed from the merits, or from a judgment taxing costs.   On the same day the court overruled the defendant's motion and on the next day the plaintiff, by leave of court, filed an amended affidavit in due form.   Afterwards, the parties went to trial.

The defendant contends that the court committed error in permitting plaintiff to amend her affidavit after the motion to dismiss her appeal had been determined.   It is true that

under section 4072, Revised Statutes 1899, the respondent should have amended her affidavit before the motion to dismiss was determined, yet it has been held that where the parties afterwards appear, as in this case, and go to trial, the defect in the manner of taking the appeal is waived. See Lowry v. Phillips, 57 Mo. App. 232, and cases there cited.

The suit was for unlawful detainer. In 1896, the plaintiff rented the land in controversy for a period of one year to N. L. or Nelson L. Stow, the term beginning on the first day of October, 1896. The premises consisted of a farm containing 160 acres situated in Maries county, Missouri. The said Stow, on the fifteenth of September, 1897, rented the premises to defendant Harry J. Stow and put him in possession, in which possession he continued as the tenant of said N. L. Stow until the commencement of this suit.

On the trial, the defendant offered in evidence a deed of trust on the land, executed by the plaintiff and one Joshua Best to secure the payment of a note for $225, payable to one T. A. Bray. Said deed of trust is dated on the nineteenth day of September, 1881; also a trustee's deed dated July 17, 1897, to said N. L. Stow to the land in dispute, wherein it was shown that the deed of trust had been foreclosed by the trustee and he, the said N. L. Stow, had become the purchaser at the sale. Upon the objection of the plaintiff, the court excluded both of said deeds, but we do not know upon what grounds this evidence was excluded. We presume, however, from the argument of counsel, that it was for the reason that the plaintiff, being a married woman, they were void as to her, the estate being a common-law estate and not an estate to her sole and separate use.

The object in introducing the deeds was to show that the land in controversy was bought in by the tenant, which had the effect of extinguishing the tenancy. The plaintiff has cited many cases upon the theory that the deeds of the plaintiff, she being a married woman, were void as to her; but it

is sufficient to say that the Supreme Court of the State, in a recent utterance construing the statute in relation to the rights of married women, held that her deed conveying her common-law estate is not void, and that the courts will enforce them against her.   Brown v. Dressler, 125 Mo. 589.

The evidence showed that at the time the plaintiff made said deed of trust she only owned 80 acres of said farm, and that one Joshua Best owned the other 80 acres; but that both joined in the execution of the same.   Afterwards, however, and before the sale made thereunder by the trustee, she became the owner of the entire tract.

As to the 80 acres owned by the plaintiff at the time she made said deed of trust, the purchase by N. L. Stow, the tenant, of her interest at the trustee's sale, had the effect of extinguishing the tenancy.   Gunn v. Sinclair, 52 Mo. 327; Zeysing v. Welbourn, 42 Mo. App. 352; Higgins v. Turner, 61 Mo. 249.   It was therefore competent for the defendant to show by the written leases offered in evidence by him that he was occupying the premises as the tenant of the said N. L. Stow.

As to the other 80 acres of said tract of land, although plaintiff was not the owner at the time the deed of trust was given, she and Best, the owner of said 80 acres, joined in said deed to secure the note mentioned, and she became the owner of Best's interest, thereby becoming the owner of the entire tract before the foreclosure.   Under such circumstances we believe the foreclosure had the effect of extinguishing the tenancy to said part of said land, as well as to that owned by the plaintiff at the beginning.

Instruction No. 2, given on the part of the plaintiff, was not the law.   Damages in unlawful detainer can be recovered only from the date of demand for possession and not from the date when the defendant went into possession.   Finley & Miller v. Magill, 57 Mo. App. 481.

For the reasons given the cause is reversed.   All concur.