CLYDE HAGERTY, Respondent, v. GEORGE LIERLY, Defendant; HARDY R. HILL, Justice of the Peace, Appellant.

Kansas City Court of Appeals, November 28, 1904.

JUSTICES' COURTS: Appeal: Approval of Bond: Evidence. The statute requires an appeal bond to be approved by the justice and he must be possessed of something tangible, however informal, upon which to exercise the mental functions of approval, and when there is nothing of this kind the justice will not be compelled to approve the bond or grant the appeal.

Appeal from Harrison Circuit Court.—*Hon. P. C. Stepp*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. C. Wilson* and *Peery & Lyons* for appellant.

(1) The action of the justice in refusing to allow the appeal was proper. The sureties on an appeal bond must be "approved by the justice." R. S. 1899, sec. 4060. (2) A rule on a justice of the peace to allow an appeal from a judgment rendered by him is not authorized when it does not appear that the party moving for the rule tendered or was ready to perfect the bond for appeal within the prescribed time. Kelm v. Hunkler, 49 Mo. App. 664; Railroad v. Franks, 55 Mo. 327; Pearson v. Carson, 69 Mo. 570.

*B. W. Hurst* and *O. N. Gibson* for respondent.

(1) It is not necessary that an appeal bond be signed in the presence of the justice or acknowledged before a notary public. R. S. 1899, sec. 4061; Crist v. Smith, 66 Mo. App. 398. (2) If one of the sureties is sufficient, this makes a sufficient bond. R. S. 1899, sec. 4060. (3) Upon the tender of a sufficient affidavit and bond the applicant's right to an appeal is complete and can not be impaired by the refusal of the justice to accept or approve the bond or to grant the appeal. Distilling Co. v. Kermis, 79 Mo. App. 111; Jester v. McKennie, 47 Mo. App. 62; Williams v. Kerby, 169 Mo. 622; Long Bros. v. Coal Co., 56 Mo. App. 605; Morris v. Scherer, 76 Mo. App. 401; Roe v. Schertz, 74 Mo. App. 602; R. S. 1899, sec. 4065, 4066, 4072.

ELLISON, J.—This is a proceeding to compel a justice of the peace to allow an appeal under the terms of section 4065, Revised Statutes 1899, reading as follows:

"If the justice fail to allow an appeal in the cause when the same ought to be allowed, or if, by absence, sickness, or any other cause on his part, an appeal can not be taken in time, the circuit court, or other court having jurisdiction of such appeal, or judge thereof in vacation, on such fact satisfactorily appearing, may, by rule and attachment, compel the justice to allow the same, and to return his proceedings in the suit, together with the papers required to be returned by him."

The circuit court held by Judge Broaddus, heard the application and discharged the justice. A motion for new trial was filed. When it came on for hearing Judge Alexander had succeeded Judge Broaddus and the former having been of counsel in the cause and no agreement being made for another judge and no election held by the bar a change of venue was awarded to the court of another circuit by agreement. The motion for new trial was heard by the latter court on evidence and was sustained. Thereupon the justice of the peace appealed to this court.

It appears that plaintiff sued George Lierly before the justice who is now appellant in this proceeding and that the justice rendered judgment for defendant and against plaintiff for the costs. Plaintiff gave verbal notice that he would appeal to the circuit court. He was a non-resident of the county of the justice and had twenty days in which to perfect his appeal. In proper time he filed a proper affidavit and a bond in proper form in the sum of $100 purporting to be signed by two sureties. They were unknown to the justice and were not brought before him. The justice had not fixed on any sum for a bond, but had said to plaintiff that he did not know that one hundred dollars would be enough —that he thought it ought to be two hundred. There was some parleying from time to time about the amount, but we conclude that the justice would have accepted the bond in the sum of one hundred dollars if other requirements he insisted upon had been com-

plied with. The justice wanted some evidence that the parties purporting to be sureties had signed the bond and that they were solvent. The evidence leaves it somewhat uncertain, or indefinite, whether he would have approved the bond on being shown that they were solvent, without the further requirement that he must have some evidence of it having been signed by them. We will, however, assume that he meant that he must have evidence both of their solvency and that they signed. He was willing that these requirements might be shown by affidavit. There was much talk back and forth between plaintiff and the justice, but compliance with his demands was not made.

As just stated, the sureties were unknown to the justice and the bond was not executed in his presence. The law is, that an appeal bond must "be approved by the justice" (section 4060). To be approved, he necessarily may require some evidence of the solvency of the sureties and that they executed it, if he doubts either requisite. It is the duty of an appellant to make some showing on those heads when reasonably required by the justice. It is true that if a justice grants an appeal on an insufficient or improper bond, the circuit court will not dismiss the appeal if a proper and sufficient bond be then filed. [Welsh v. Railroad, 55 Mo. App. 604.] But here the justice has not granted an appeal.

Plaintiff takes the position that if the bond offered is shown in the circuit court to be in fact a good and sufficient bond, the justice may be compelled in this proceeding to grant the appeal, regardless of whether any showing was made to meet the demand of the justice. We think that is not the proper view. The statute puts upon the justice the duty to approve the bond and he should be possessed of something tangible, however informal, upon which to exercise the mental function of approval. He may himself know the solvency of the sureties and he may know they signed the bond;

but if he does not, surely it is no hardship to require the appealing party to inform him in some tangible and reliable way.

We think it was error to grant the new trial, and will reverse the order and remand the cause that the judgment refusing the rule and discharging the justice may be made. *Smith, P. J.,* concurs. *Broaddus, J.,* not sitting.