LEEPER, Jr., Appellant, v. CARTER, Respondent.

**St. Louis Court of Appeals, May 11, 1909.**

1. JURISDICTION: Affidavit for Appeal: Justices of the Peace. An affidavit for appeal from a justice of the peace, which fails to state whether the appeal was taken from a judgment on the merits or from the order taxing the costs, is defective, but the circuit court is not thereby deprived of jurisdiction.

2. ———: ———: Waiver of Irregularity. Where the circuit court erroneously overruled appellee's motion to dismiss an appeal from a justice of the peace, the appellee waived the error by proceeding to trial upon the merits of the case.

Appeal from Audrain Circuit Court.—*Hon. Jas. D. Barnett*, Judge.

AFFIRMED.

*Fry & Rodgers* for appellant.

(1) The affidavit for appeal failed to state whether it was from the merits or from an order of judgment taxing costs. That statement was necessary in the affidavit in order to confer jurisdiction upon the circuit court. R. S. 1899, sec. 4062; Bader v. Jones, 119 Mo. App. 688. (2) The court erred in overruling plaintiff's motion to dismiss the appeal and strike the cause from the docket on account of the defective affidavit and this court will reverse the judgment for that reason. Hyatte v. Wheeler, 101 Mo. App. 357; Bader v. Jones, 119 Mo. App. 688; Mesh v. Railroad, 55 Mo. App. 605; Van Scoyoe v. Wolfe, 73 Mo. App. 430; Greencher v. Alexander, 56 Mo. App. 56. (3) The fact the plaintiff had subpoenaed witnesses at the time the motion to dismiss was heard and overruled did not cure the fatal error and defect in the affidavit and did not confer jurisdiction on the circuit court. Jurisdiction cannot be conferred by consent of parties. Robinson v. Walker,

45 Mo. 117; McQuoid v. Lamb, 19 Mo. App. 155; Warner v. Donahue, 99 Mo. App. 45; Hyatte v. Wheeler, 101 Mo. App. 358; Green v. Costello, 35 Mo. App. 134.

*Clarence A. Barnes* for respondent.

(1)    The circuit court was possessed of jurisdiction and if the affidavit in this case was defective it did not affect the jurisdiction of the court. Bader v. Jones, 119 Mo. App. 685; Drake v. Gonell, 127 Mo. App. 636. (2)    This court will not reverse a finding for a useless form, if this case should be reversed it would be to permit the defendant to file an amended affidavit which he offered and which was excluded by the court. Hyatte v. Wheeler, 101 Mo. App. 361. (3)    Plaintiff had subpoenaed witnesses after a resetting of the case, and immediately after the overruling of his motion to dismiss the appeal, answered ready for trial, and went to trial thereby waiving any objection to the overruling of the motion. Ford v. Gray, 110 S. W. 692.

GOODE, J.—Plaintiff sued before a justice of the peace for $21, alleged to be a balance due him from defendant on the price of one hundred and forty bushels of corn sold at forty cents a bushel. A counterclaim was preferred in two phases, in as many paragraphs of the answer, and in substance the statements regarding it are these; plaintiff had agreed to sell and deliver to defendant six hundred bushels of corn at defendant's farm, for forty cents a bushel; pursuant to the contract had delivered one hundred and forty bushels on which defendant had paid $35, but had refused to deliver the remainder, though it had been demanded. Meanwhile the market value of corn had arisen to fifty-five cents, and on account of plaintiff's default, defendant had been damaged in the sum of $69, for which he prayed judgment. The other phase in which the counterclaim was preferred, was an alleged agreement by plaintiff to sell defendant seventy-five or one hundred barrels

of corn of five bushels each, instead of six hundred bushels. Plaintiff was given judgment by the justice, both on his cause of action, and defendant's counterclaim; whereupon defendant filed an affidavit for appeal, gave an appeal bond and filed a transcript of the proceedings before the magistrate in the office of the clerk of the circuit court. The affidavit for appeal from the judgment of the justice was defective in not reciting whether the appeal was taken from an order or judgment to tax costs, or from the merits. [2 Mo. Ann. Stat., sec. 4062.] The case was docketed for trial in the circuit court September 30, 1907, and at the September term, was continued to the September adjourned term and docketed for trial November 7th. Plaintiff subpoenaed eight witnesses to be present on that day, but on the preceding day, November 6th, plaintiff moved to strike the cause from the docket and dismiss the appeal because the affidavit was defective in the particular above mentioned. Defendant offered to file an amended affidavit, but the court refused to permit the filing, at the same time overruling plaintiff's motion to dismiss the appeal and strike the case from the docket. The reason for these two rulings was that plaintiff's motion to dismiss the appeal was made after he had prepared for a trial on the merits and only the day before the case was to be tried; wherefore the court held the fault in the affidavit was waived, and it was unnecessary for defendant to file another. The case was tried and a verdict returned in favor of plaintiff on his cause of action for $21 and in favor of defendant on his counterclaim for $29.30, or $8.30 in favor of defendant. Judgment was entered accordingly and this appeal taken. We are satisfied with the instructions and the question for decision is whether the circuit court acquired jurisdiction of the appeal taken by the defendant from the judgment of the justice of the peace, or should have dismissed the appeal. In order to save dismissals the statute expressly allow appellants in cases appealed from justices'

judgments to file new affidavits and recognizances before the motions to dismiss, because of faults in those documents as originally filed, are determined. [R. S. 1899, sec. 4072.] Those cases which are authority at present, hold the circuit court is not prevented from acquiring jurisdiction of an appeal by omitting to state in the affidavit filed with the justice, whether the appeal is taken from the merits or from the taxation of costs. [Welsh v. Railroad, 55 Mo. App. 599; Lowry v. Phillips, 57 Mo. App. 232.] The law being thus, if the lower court proceeded irregularly in denying defendant's request to file a new affidavit and in overruling plaintiff's motion to dismiss, which we do not decide, the error was harmless to plaintiff; whereas to reverse the judgment would render it harmful to defendant. And, according to analogies, it would seem plaintiff waived the error, if one occurred, by participating in the trial instead of standing on his motion to dismiss. [Lawry v. Phillips, supra; Ivy v. Yancy, 129 Mo. 501; Levin v. Railroad, 140 Mo. 624.]

The judgment is affirmed. All concur.

