STATE ex rel. GOODMAN & COMPANY et al., Relators, v. CIRCUIT COURT OF ST. FRANCOIS COUNTY, Respondent.

St. Louis Court of Appeals.    Submitted on Return and Briefs October 7, 1912.   Opinion Filed November 12, 1912.

1. CERTIORARI: When Available: Other Remedy. *Certiorari* is allowed only when an appeal, a writ of error or other available mode of review is not afforded.

2. ————: ————: ————: Appellate Practice: Appealable Orders. Where a motion, under Sec. 7573, R. S. 1909, for rule and attachment to compel a justice of the peace to allow an appeal and return his proceedings in an action together with the papers required to be returned by him, is denied by the circuit court, the ruling is reviewable by appeal or writ of error, and hence *certiorari* does not lie to review the ruling; and this is true although no formal judgment was entered, since, on a proper motion, a formal judgment could have been entered, from which an appeal or writ of error could have been prosecuted.

3. ————: ————: Necessity of Final Judgment. *Certiorari* reaches only to cases in which there are final judgments or orders.

Original Proceeding by Certiorari.
WRIT QUASHED.

*Merrill Pipkin* for relator.

*J. H. Malugen* for respondent.

REYNOLDS, P. J.—One William Good, at the relation and to the use of Abe Gordon, commenced his action before a justice of the peace of St. Francois county, for damages alleged to have accrued to him on the breach of a bond said to have been executed by Goodman & Co., the United States Fidelity & Guaranty Co., and Merrill Pipkin. Summons was issued, returned as served as to some of the defend-

ants. Mr. Pipkin appeared and filed an affidavit de-
nying the execution of the bond by him in any other
capacity than as agent for others of the defendants.
The other defendants, Goodman & Co., and the United
States Fidelity & Guaranty Co., filed motions denying
the jurisdiction of the court in the cause and Good-
man & Co. denied that they had been served. The
motions to dismiss for want of jurisdiction were over-
ruled and the cause continued for service as to Good-
man & Co. On the day to which the cause had been
continued, plaintiff appeared by attorney but the de-
fendants making default and the judgment reciting
that it appearing that all the defendants had been duly
served, the justice proceeded to hear the cause and
found for plaintiff, rendering judgment against the
defendants for the damages claimed. In due time the
attorney for defendants filed an affidavit for appeal,
the affidavit setting out that defendants appeared only
for the purpose of appeal, and ''that the application
for an appeal from the judgment in the above enti-
tled cause is not made for vexation, or delay, but be-
cause he believes the appellants are injured by the
judgment of the justice therein.'' This was filed by
the justice. Defendants thereupon signed and exe-
cuted a bond which was approved by the justice. The
justice entering upon his docket the fact of filing the
bond and the application for an appeal, set out this
in his docket entry: ''The appeal is by me not granted
on account of the defect in the affidavit.''

Afterwards at the November, 1911, adjourned
term of the circuit court of St. Francois county, the
defendants filed their motion setting out that judg-
ment had been rendered in the justice's court in De-
cember, 1911, for plaintiff and that within ten days
thereafter the defendants filed affidavit for appeal,
together with a good and sufficient bond, and that not-
withstanding the filing of the bond and affidavit, the
justice refused to grant and allow an appeal to the

circuit court. The motion proceeds: "Wherefore by (virtue) of section 7573, Revised Statutes 1909, defendants move for a rule and attachment on said justice to compel him to grant said appeal and send all papers to this court." The circuit court thereupon, on January 29, 1912, at the adjourned November term, issued an order reciting the motion "requiring the justice to grant an appeal," and that the court had seen and heard it and ordered "that the case be *certified* to this court by said justice O. M. Bonney, for examination and review in order that the court may determine whether *the appeal herein should be granted*." (The italics are in the return.) The justice thereupon, on March 21, 1912, filed the transcript and papers above referred to in the circuit court.

Afterwards, and at the succeeding May, 1912, term the defendants, by leave of court, filed an amended affidavit for appeal. This amended affidavit states "that the application for an appeal from the merits in the above cause is not made for vexation or delay but because he (affiant) believes the appellants are injured by the judgment of the justice herein. Affiant further states that this appeal is from the merits of the cause." After filing this amended affidavit, and apparently during the same May term, the defendants served on plaintiff's attorney notice of the appeal. This on the 4th of June, 1912, and during the May term. On the 13th of June and during the May term, 1912, of the circuit court the following proceedings were had in the cause, namely:

"Abe Gordon, Plaintiff, v. I. Goodman & Company, Defendants.—Certified J. P.

"Now at this day the court of its own motion orders an entry *nunc pro tunc* correcting the record herein and that the entry of record of this court on January 29, 1912, which read as follows, 'Now comes defendant and files its motion to make a rule, order and attachment upon O. M. Bonney, justice of the peace

of Perry township, St. Francois county, requiring said justice to grant an appeal of this cause to the circuit court, said motion being seen and heard; it is ordered that the case be certified to this court by said O. M. Bonney,' be corrected and reformed so as to read *nunc pro tunc* or now for then as follows: 'Now comes defendant and files its motion to make a rule, order and attachment upon O. M. Bonney, justice of the peace of Perry township, St. Francois county, requiring said justice to grant an appeal of this cause to the circuit court, said motion being seen and heard, it is ordered that the case be certified to this court by said justice O. M. Bonney for examination and review by this court, and now it is further adjudged that this court has no jurisdiction to order the appeal herein to be granted.' "

The defendants in the court below thereupon presented to this court a petition for *certiorari* to issue to the circuit court requiring it to send up the record and files in the cause. We issued the writ as prayed for, and the return of the circuit court being duly made, sets out the foregoing as the record in the case.

In the recent case of State ex rel. Evans v. Broaddus et al., Judges, 149 S. W. 473, not yet officially reported, our Supreme Court has held that where an appeal or writ of error does not lie, "*certiorari* does not go as a right, but it goes in such cases in order that profert of the challenged record be made to be searched for jurisdictional defects; that is, orders, judgments, and parts of judgments without (or in excess of) the jurisdiction of the subordinate court making or rendering them. . . . *Certiorari* does not take the place of mandamus to compel the making of a record; but it takes the record as it finds it, excluding the mere evidence which can, in the nature of things, relate to the merits only, tending to show, as it does, that the court erred in its judgment. The office of the writ is not to review error of that sort."

*Certiorari* is only allowed when no appeal or writ of error or other available mode of review is afforded. [State ex rel. v. Edwards, 104 Mo. 125, 16 S. W. 117.]

The proceeding before the trial court in this case was under section 7573, Revised Statutes 1909. It has been held by our court in Morris v. Scherer, 76 Mo. App. 401, l. c. 406, that proceedings under this section, triable before the court without a jury, are not reviewable on appeal as to the finding of fact, but no decision that we are aware of holds that they cannot be reviewed on questions of law, by either appeal or writ of error. The action of the trial court in the case at bar was in effect a denial of the motion made before it for an order on the justice to grant an appeal. That was a final disposition of the cause by the circuit court. While it is true that no formal judgment appears then to have been entered up, that does not change the fact that the court denied the prayer of the motion—the relief sought. On proper motion a formal judgment to that effect could undoubtedly have been entered. At all events, while the motion of the relators here, made in the circuit court, was for an order on the justice requiring him to grant an appeal, the circuit court declined to issue an attachment or make an order granting an appeal. Nor did it ever make any such order. Even in the original order as entered, it does not, "by rule and attachment, compel the justice to allow the (appeal) and to return his proceedings in the suit, together with the papers required to be returned by him," (section 7573), but orders "that the case be certified to this court by said justice . . . for examination and review, in order that the court may determine whether the appeal herein should be granted." When the court subsequently entered up a *nunc pro tunc* order, it did not order an appeal but, following its former order, ordered that the case be certified "for examination and review,"

State ex rel. v. Circuit Court.

and followed this up by the finding that it had no jurisdiction to order an appeal.

As before noted it does not appear that any further order was entered in the cause by the court. If it be argued that the omission of a formal and final judgment precludes an appeal, then such omission is equally fatal on *certiorari*, for that writ reaches only to cases in which there are final orders or judgments. We do not think that the omission of a formal order is of substance here. It was open to correction; could have been supplied. Its omission does not change the fact that the court did deny the relief sought by relators here, defendants below. That order denying the rule for an appeal was a final disposition of the case, and authorized an appeal or writ of error.

Coming to the exact point in decision in this case, we hold that where application is made under the provisions of section 7573, Revised Statutes 1909, for rule and attachment to compel the justice to allow an appeal and return his proceedings in an action, together with the papers required to be returned by him, and the circuit court refuses the rule, the action and the ruling of the court on that application is appealable or can be brought before the appellate court on writ of error.

Causes arising under what is now section 7573 have been before the appellate courts several times. In all of them to which our attention has been directed the proceedings in the circuit court have been considered on appeal. [See Kelm v. Hunkler, 49 Mo. App. 664; Morris v. Scherer, supra; Hagerty v. Lierly, 109 Mo. App. 631, 83 S. W. 542; Bader v. Jones, 119 Mo. App. 685, 96 S. W. 305; Leeper v. Carter, 137 Mo. App. 617, 119 S. W. 463.] Being appealable, *certiorari* does not lie.

It follows that the writ of *certiorari* issued herein should be and it is quashed. *Nortoni* and *Caulfield, JJ.*, concur.