Matt Bowen and Cecelia Bowen, Partners, d/b/as Bowen Con-
struction Company, Respondents, v. Burroughs N. Mosman,
(Magistrate), Defendant, Southern Coal Company, Inc., a
Corporation, Intervenor-Appellant.—226 S. W. 2d 401.

Kansas City Court of Appeals. Opinion delivered January 9, 1950.

*J. M. Fisher* and *Larence C. Schrader* for intervenor-appellant.

*Ralph M. Russell* for respondents.

DEW, P. J.—The appellant had obtained a money judgment in the Magistrate's Court against respondents. No appeal was taken from the judgment. After time for appeal had expired and after execution and garnishment had issued, respondents brought this action against the defendant Magistrate for an order directing him to enter an appeal from the judgment mentioned. On the same day the court issued ex parte its order directing the Magistrate to enter the appeal and to certify the proceedings to the Circuit Court. Thereafter the appellant filed application to intervene, was granted leave to do so and promptly filed its motion to set aside the rule and attachment theretofore made directing the Magistrate to enter an appeal. The court, upon a hearing of this motion, entered an order overruling the same, from which ruling the intervenor has appealed.

On March 24, 1949, the respondents filed their petition in the present action, wherein they alleged, in substance, that after various continuances of the suit in the Magistrate's court, and the appearance of counsel on the dates the same was set, the court heard the evidence and took the same under advisement without setting a definite date for the rendition of judgment, and did thereafter enter judgment against the respondents on February 9, 1949, of which the petitioners were not notified within the ten day period for appeal, and that, through no fault on the part of the petitioners, they were without remedy unless the court by its rule and attachment order and direct the Magistrate to enter an appeal and to certify the proceedings to the Circuit Court. On the same day the court entered its order finding only that the Magistrate "should enter said appeal because it

cannot be entered in time within ten days after the rendition of the judgment'', and ordered him to do so on good bond as supersedeas, and to take no further proceedings inconsistent with the order.

Four days late, on March 28, 1949, the intervening petition of the appellant was filed, alleging intervenor to be the real party in interest and asking leave to intervene. The court then entered an order finding that the appellant was the real party in interest and authorized it to intervene and to file its pleading in this cause. The appellant then at once filed its motion herein to set aside the previous order directing the appeal; alleged the failure of the respondents to appeal as allowed by law; that the order was ex parte, without opportunity of the appellant to be heard; that the Circuit Court had no jurisdiction under Section 133 of the Magistrate's Act, or otherwise, to order the appeal, and that the dates to which the cause had been continued and set were definite, including the date of the judgment; that the respondents had taken no action respecting the judgment until March 24, 1949, after judgment and garnishment thereunder, and after the statutory period for appeal had elapsed, and that the findings of the court were not sufficient to authorize the order directing the Appeal.

According to the testimony of the Magistrate, sole witness for the appellant, the appellant brought suit November 15, 1948, against the respondents in the Magistrate's court in Kansas City, returnable November 24, 1948, on which date it was continued to December 1, 1948. On the latter date it was continued to December 8, 1948, on which date the evidence was heard and then, in order to permit the parties to file briefs, the cause was taken under advisement by the Magistrate and continued to December 22, 1948, and again to December 29, 1948, and, the briefs having been duly filed, and there being then a request for leave for oral arguments, the case was continued to January 5, 1949. Meanwhile, on December 31, 1948, the attorney for appellant was injured in an automobile accident and was confined for a time in a hospital, and the case was continued successively to January 12, January 26, February 2, and February 9, on which last date the Magistrate entered judgment for the plaintiff (appellant herein) for $961.88, inclusive of interest and costs. Witness testified that all of the aforesaid continuances had been to definite dates and by agreement of counsel, or on the order of the Magistrate, and witness called the court's attention to a decision holding that a Magistrate loses jurisdiction if he continues a case to an indefinite date. During the ten day period for appeal following the judgment, the Magistrate was present in his court attending to the business thereof, was not sick or absent, and did nothing to prevent the taking of appeal. Some time after the expiration of the appeal period, the respondents attempted to take an appeal and were told by the Magistrate that it was too late to do so. When asked by the court if he notified the

respondents when the judgment was entered on February 9, 1949, the Magistrate said he had not, and that he knew of no duty on the part of the Magistrate to do so. There was no evidence offered on the part of the respondents in the present cause. After the hearing the court overruled the appellant's motion to set aside its previous order directing the appeal.

The appellant, in its appeal in the present case, contends that the Circuit Court erred in its order directing the appeal in the case in the Magistrate's Court, and in overruling the motion to set that order aside, because (1) no appeal from the Magistrate's judgment was taken within ten days thereafter, as required by Session Acts 1947, Vol. 1, p. 245, Sec. 130; (2) that the order directing such appeal was made without jurisdiction since there is no evidence that the failure to take such appeal was due to any fault of the Magistrate under Session Act of 1945, p. 801, Sec. 133; (3) that Section 101 of the Magistrate's Act, Session Acts 1945, at page 795, requiring proceedings upon the trial of suits before Magistrates to be governed in certain respects by the usage and practice of the Circuit Court does not apply; (4) that the Magistrate followed the law in continuing the case each time to a definite date; (5) that the Circuit Court's findings are not sufficient, and (6) that there is no law or statute requiring the Magistrate to notify parties or their counsel when a judgment has been entered when the case has been continued each time to a definite date.

The respondents first assert that the order of the court overruling the motion to set aside its previous order herein directing an appeal from the Magistrate's judgment is not appealable. We must necessarily consider that point first. The application to intervene was promptly filed, properly granted and the motion of the intervenor to set aside the order for appeal was simultaneously filed. Code Sec. 21 (Mo. R. S. A. 847.21). The ex parte judgment in this cause having already been made before the intervention was allowed, it was necessary that the intervenor first move to set the same aside. The refusal of the intervenor's motion, therefore, was a final disposition of the proceedings for an order directing the Magistrate to enter an appeal in the previous action. The ruling of the circuit court on an application for an order directing such appeal is appealable. State ex rel. Goodman & Co. v. Circuit Court, 168 Mo. App. 29, 151 S. W. 178. The present statute has made no change in that regard. Session Acts 1945, p. 801, Sec. 133; Sec. 7573, R. S. Mo., 1909. The present appeal must be considered, under the circumstances here, as an appeal from the judgment complained of, namely, the rule and attachment on the Magistrate to allow an appeal in the previous suit. Weller v. Hayes, 197 S. W. 657; White v. Johnson, 206 S. W. 2d 577. We overrule this objection of the respondents.

Section 130, as amended, of the laws pertaining to Magistrates' courts, prescribes that an appeal in such courts may be had by filing a notice of appeal therein within ten days after judgment is entered, followed by certain notices thereof to the opposing party or his attorney and to the clerk of the Circuit Court within 15 days after entry of judgment. Session Acts 1947, Vol. 1, p. 245. Section 133 of the Magistrate's Act (Session Acts 1945, p. 801) is as follows: "If the magistrate fail to enter an appeal in the cause, when the same ought to be entered, or if, by absence, sickness, or any other cause on his part, an appeal cannot be taken in time, the circuit court, or other court having jurisdiction of such appeal, or judge thereof in vacation, on such fact satisfactorily appearing, may by rule and attachment, compel the magistrate to enter the same, and to return his proceedings in the suit, together with the papers required to be returned by him".

Section 101 of said Act of 1945, provides: "The proceedings upon the trial of suits before magistrates with respect to the examination of witnesses, the submission of evidence and argument, and the order and conduct of the trial, shall, when no other provision is made by law, be governed by the usage and practice in the circuit court, so far as the same may be applicable".

Reverting to the provisions of said Section 133 of the Magistrate's Act, certainly the Magistrate here did not "fail to enter an appeal in the cause, when the same ought to be entered" because (1) none was presented to him within the ten day period, and (2) he would have no authority to enter the same after such period, without order of a superior court. The question then remains, did the Magistrate make the appeal impossible within the ten day period by reason of "any other cause on his part" so as to authorize the circuit court to direct him to enter an appeal? At least nothing in the findings of the court in the order for appeal so states.

The Magistrate, by continuing the cause each time to a definite date, including the date of the judgment, as shown by the evidence, never lost jurisdiction thereof. Session Acts 1945, pp. 791, 795, Secs. 81, 82, 96; Lawyers Co-op. Pub. Co. v. Sleater, 130 S. W. 2d 192. On February 9, 1949, the last date to which the cause was continued, the Magistrate entered judgment. He did not otherwise notify the defendants therein or their attorney of the judgment. We have examined the Magistrate's Act and we fail to find therein any specific provision requiring the Magistrate, after trial, to notify the parties to an action when a judgment has been rendered on a date to which the case has been definitely continued, other than to enter the same on the court's records. Magistrate's courts are courts of record. Respondents, however, rely on Section 101 of the Magistrate's Act, quoted above, applying "the usage and practice" of the circuit court, as far as applicable, to examination of witnesses, submission of evi-

dence and argument, and the order and conduct of the trial in a cause in a Magistrate's court. If by "usage and practice" of the circuit court is meant the Civil Code, we find no provision therein requiring circuit courts to give to parties or their counsel notice of judgments in actions under advisement, other than to enter the same of record. This appears to be true in the circuit courts, even though there has been no definite continuance of the cause to the date of judgment entry, such as in the Magistrate's record here in evidence. However, Section 130 of the Civil Code provides for a special order of appeal from judgments of the circuit court, after the ordinary time therefor has expired, to be obtained from the appellate court, under certain conditions. That section of the Civil Code could not be considered as embraced within Section 101 of the Magistrate's Act and does not apply to such courts, nor was there any attempt herein so to apply it. If the quoted words "usage and practice" mean the rules of the circuit court, there was no evidence of any such rule for notice in the Circuit Court of Jackson County, or of any other circuit, and we cannot take judicial notice of any not in evidence. Gilpin v. Aetna Fire Ins. Co., 234 Mo. App. 566, 585, 132 S. W. 2d 686, 697; Fox-Miller Grain Co. v. Stephans, 217 S. W. 994, 997. If the words mean a local "custom" of the circuit court, relied upon by the respondents, and not embraced within the Civil Code or their rules of court, the existence of the custom, if applicable at all, should have been both pleaded and proved. Kirkland v. Bixby, 282 Mo. 462, 222 S. W. 462. However needful may be some provisions for notice of the judgment by a Magistrate in a case under advisement, other than the entry of record, made in the absence of the parties, which would start the running of short periods of time within which the losing party must take legal steps to preserve his right of review or other remedy, or for additional grounds for a rule and attachment from a superior court directing an appeal from a magistrate court, these are suggestions that should be addressed to the Legislature, as the courts can apply the law, but cannot enact it.

Under the law and the evidence in this case we are constrained to hold that the court erred in issuing its rule and attachment directing the Magistrate to enter an appeal and to certify the cause referred to in evidence, and erred in overruling appellant's motion to set the same aside. Accordingly, the order of the court directing the Magistrate to enter an appeal and to certify the cause aforesaid is reversed and the cause remanded with directions to enter an order setting the same aside, and to enter a further order denying such rule and attachment. All concur.