## THE STATE ex rel. ELLIOTT W. MAJOR, Attorney-General, v. JOSEPH M. PATTERSON et al.

### (No. 1.)

**In Banc, June 21, 1910.**

1. **CERTIORARI: Extraneous Record.** In response to a writ of *certiorari* the only duty of the court to which it is addressed is to send up the record called for; and if transcripts of various other court orders relating to the same subject at different periods, but not called for, are sent up, they should, on motion, be stricken out.

2. **DIVIDING COUNTY INTO DISTRICTS: Legislative Matter: Extent of Court's Power.** The dividing of a county into districts for the election of officers called for by the law is a matter legislative in character, and as such devolves on the General Assembly and cannot be otherwise exercised unless by express grant of power or delegation of authority. There is no inherent power in the county court to divide the county into justice-of-the-peace districts, and where the Constitution is silent on the subject and the Legislature has delegated that legislative power to the county court it can exercise it only at the times and in the manner prescribed.

3. ——: ——: ——: **On or Before March 1, 1890: Exercisable Only Once.** Where the whole power of the county court to divide a township into justice-of-the-peace districts is contained in these words in Sec. 6090, R. S. 1889, namely: "In all municipal townships that now contain or may hereafter contain a city of one hundred thousand inhabitants, and less than three hundred thousand inhabitants, the county court of the county in which said city is located shall, on or before the first day of March, 1890, divide said township into districts not to exceed eight, as nearly equal in population as may be possible," the county court was given the power to divide the township into districts only once, and that was to be on or before March 1, 1890, and any attempt by the court thereafter to redivide the township into districts was illegal and void, and any further redistricting of the township can be done only where subsequent action by the General Assembly authorizes it. This power conferred upon the county court was not a continuing power; it could be exercised only on or before March 1, 1890; it could not be exercised at any time thereafter that the county court saw fit to exercise it.

State ex rel. v. Patterson.

4. ——: ——: ——: ——: **The Word "Thereafter."** There was no township in the State to which the statute could apply, when first enacted, but thereafter, before March 1, 1890, the county court of Jackson county made Kaw township commensurate with Kansas City, and thereby defined a township to which it could apply, and hence the act itself was so framed, by the use of the words "all municipal townships that now contain or may hereafter contain," etc., that it could be made to apply to that township, but the words that "may hereafter contain" cannot be extended to mean that the county court should after March 1, 1890, divide the county into justice-of-the-peace districts, because the statute says the court must do that "on or before the first day of March, 1890," and those words have never been changed by the Legislature.

5. ——: ——: ——: ——: ——: **Constitutional.** And since it is held that the county court had no authority under this statute at the May term, 1910, to divide the township into six justice-of-the-peace districts, it is not necessary to determine whether or not this statute is unconstitutional as special legislation. It is not necessary to hold the statute unconstitutional in order to hold that the court had no such power.

6. ——: ——: ——: ——: ——: **Election Every Four Years.** Nor does the fact that the statute further provided for the election of a justice of the peace in each district every four years after the county court had divided the township into districts, mean that the court could every four years after March 1, 1890, redistrict the township. The language of the statute indicates that the Legislature meant that the one act of the court in framing the districts should be final, and that the power of the people to elect a justice in each should be recurrent.

## Certiorari.

RECORD QUASHED.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for relator.

(1) (a) When the county court of Jackson county, under the direction of the Legislature, as contained in section 3805, R. S. 1899, divided Jackson county into eight justice of the peace districts, it discharged and exercised the authority confided to it by the Legislature. It created eight justice of the peace districts,

the officers of which became constitutional officers. The county court is without jurisdiction or authority either to abolish any of the districts or to redistrict the county without further authority from the Legislature. Constitution, sec. 37, art. 6; R. S. 1899, sec. 3805; State ex rel. v. Simmons, 35 Mo. App. 381; State ex rel. v. Mosman, 112 Mo. App. 540. (b) Section 37, art. 6 of the Constitution, provides that "in each county there shall be appointed or elected as many justices of the peace as the public good may require, whose powers, duties and duration in office shall be regulated by law." Under this power and authority given by the Constitution, the Legislature exercised its will and established in Jackson county not to exceed eight justices of the peace. The county court, under the legislative will, within the time named by the Legislature, to-wit, March 1, 1890, established the eight districts and these justices became constitutional officers. The establishment of the courts being a matter for the exercise of the legislative will, and the county court having complied with the exercise of such will and in the manner as provided, the matter became final and the county court had no further authority or jurisdiction. R. S. 1899, sec. 3805; State ex rel. v. Higgins, 125 Mo. 364. (c) The county court cannot, by changing township lines or consolidating townships as it attempted in May, 1910, give life to an exhausted authority or jurisdiction. This species of legerdemain cannot give it a jurisdiction it did not possess before the doing of such act. (2) (a) Certiorari brings up the record proper and is the proper procedure to review the records of the county court of Jackson county in redistricting both justices-of-the-peace and legislative districts. State ex rel. v. Reynolds, 190 Mo. 588; State ex rel. v. Henderson, 160 Mo. 190. (b) Appeals and review must be allowed by statute. The statutes have provided no review nor appeal in proceedings of this kind. Haynes v. Cass County, 135 Mo. App. 112. (c)

The Supreme Court will act in any case where it is of unusual importance or affects the public interests generally, or the political division of the State. State ex rel. v. Wilson, 90 Mo. App. 154; State ex rel. v. Walbridge, 116 Mo. 656.

*Scarritt, Scarritt & Jones* and *C. C. Madison* for respondents.

(1) If section 3805, R. S. 1899, is construed to mean that the county court could exercise the authority therein given on or before the 1st day of March, 1890, and not thereafter, then it is void as being obnoxious to section 53, article 4, of the State Constitution. State ex rel. v. County Court, 89 Mo. 237; State ex rel. v. Herrmann, 75 Mo. 340. It is the duty, however, of the court to so construe a law, if possible, as to escape such a conclusion, and if it is susceptible of a construction that would render it valid, it is the duty of the court to give it such construction. State ex rel. v. Laughlin, 75 Mo. 147; Phillips v. Railroad, 86 Mo. 540; State v. Hope, 100 Mo. 347; Deal v. Mississippi County, 107 Mo. 464. This conclusion can be avoided by a sensible and reasonable construction of the act, that is, by giving full force and effect to the words "or that may hereafter contain," so that it would include Kaw township as it might thereafter exist, or any other township in the State which might thereafter come within the purview of the act. (2) The power granted by this section to the county courts is a legislative power, and as such must be held to be a continuing power, unless there is something in the law which clearly enacts to the contrary. Estes v. Owen, 90 Mo. 113; Smith v. Tobener, 32 Mo. App. 601; McCommach v. Parchin, 53 Mo. 33; Farrar v. St. Louis, 80 Mo. 379.

VALLIANT, J.—On the application of the Attorney-General a writ of *certiorari* issued to the respondents, judges composing the county court of Jackson

county, commanding them to send a certified transcript of the record of that court containing its proceedings had at its February term, 1890, dividing Kaw township into eight justice-of-the-peace districts, and also its proceedings had at its May term, 1910, in reference to dividing Kaw township into six justice-of-the-peace districts.

In obedience to the writ, respondents have sent up the records called for, by which it appears that on the 24th day of February, 1890, the county court of Jackson county divided Kaw township into eight justice-of-the-peace districts, defining their metes and bounds, and that on May 3, 1910, the court made and entered of record an order dividing Kaw township into six justice-of-the-peace districts.

As if in response to the writ, respondents have also sent up transcripts of the record containing various other orders relating to the same subject at different periods and different terms of that court between the February term, 1890, and the May term, 1910, besides certain ordinances of the city council.

I. A motion is filed by the Attorney-General to strike out all that part of the return showing the proceedings of the court between the dates and terms last mentioned, and the other extraneous matter. That motion is sustained. There can be no return to a writ of *certiorari* except the record called for by the writ. In response to an alternative writ of mandamus or preliminary rule on an application for a writ of prohibition the respondent is called on to show cause why the writ should not issue, but not so in the case of a writ of *certiorari*. In such case the writ is peremptory from the first and the only duty that devolves on the court to which it is addressed is to send up the record called for, the validity of which when it comes is to be adjudged by what it shows on its face.

II. The question presented by the record before us is, did the county court of Jackson county have authority at its May term, 1910, to divide Kaw township into justice-of-the-peace districts?

The dividing of the State into political subdivisions, and the dividing of counties into districts for the election of officers called for by the law of the State, is legislative in its character, and, as such, devolves on the legislative department of the State government, and it cannot be exercised otherwise unless by express grant of power or delegation of authority. Under the provisions of section 3 of article 4 of our Constitution, the duty of dividing a county into representative districts, when it is entitled to more than one representative, is imposed on the county court, and under section 6 of article 4 the duty of dividing the county into senatorial districts, when it is entitled to more than one Senator, is devolved on the circuit court, but those are express constitutional grants of authority, without which those duties would devolve on the General Assembly, and they are granted in that article of the Constitution under the title "Legislative Department," showing that the framers of the Constitution understood it to be work legislative in its character. A full discussion of that feature of the case will be found in the opinion of this court by Judge GRAVES in the case of State ex rel. Attorney-General v. Patterson, decided at this term, and reported at page 373 of this Report.

But this case differs essentially from the case just mentioned because there is no constitutional authority conferred on the county court to divide a county into districts for the election of justices of the peace. All the authority that the county court has or ever had for dividing a township into justice-of-the-peace districts is contained in five lines of section 6090, Revised Statutes 1889, and is in these words: "In all municipal townships that now contain or may hereafter contain

a city of one hundred thousand inhabitants, and less than three hundred thousand inhabitants, the county court of the county in which said city is located shall, on or before the first day of March, 1890, divide said township into districts, not to exceed eight, as nearly equal in population as may be possible.'' The same clause in that section is retained and appears in section 3805, Revised Statutes 1899. There we have an express delegation of power to the county court to divide a township containing such a city into justice-of-the-peace districts. But when is the power to be exercised? The language of the statute is explicit on that point, it is to be exercised on or before the first day of March, 1890. If, as contended by counsel for the respondents, it is a power to be exercised at any time the county court sees fit, what effect is to be given the words ''on or before the first day of March, 1890?'' The statute does not say the power shall be exercised on or before that date and as often thereafter and whenever the county court sees fit to do so. If it was intended as a delegation of power to be exercised whenever it suited the county court to do so, the words naming the date were entirely useless. The statute went into effect in November, 1889. The record of the county court sent up in obedience to this writ shows that that court, acting under authority of that statute, did, on February 24, 1890, divide Kaw township into eight justice-of-the-peace districts. That action was taken within the time prescribed by the statute and therefore it conformed to the authority granted. But suppose the county court had delayed acting until after the 1st of March, 1890, could there then have been no question as to the validity of the belated action? If the county court could have lawfully waited until the 2d day of March, 1890, and then divided the township into districts, the requirement that that act should be done on or before the 1st day of March was idle. If power to make such districts was inherent in the county court, then the

clause of the statute specifying the date might possibly be construed as directory and the action of the court after that date might be upheld, but since the county court derived its whole authority in the premises from the statute, its action was required to conform to the terms of the statute or it would not be valid. We gather from the brief of the learned counsel for respondents that at the date of the passage of the act, or rather at the date the Revised Statutes of 1889 in which the statute is contained, went into effect, November 1, 1889, Kaw township did not contain a city of 100,000 inhabitants, but, as if to conform to the requirements of that statute, the county court took such action as that, on February 17, 1890, the boundary lines of that township were extended to make them commensurate with the boundaries of Kansas City, and it was not until after that action, that is, not until February 24, 1890, that the county court divided Kaw township into justice-of-the-peace districts. So it seems that at the date of the statute there was no township in the State that contained a city of the description specified, and that fact was perhaps present in the mind of the writer of that clause of the statute when it was so worded as to apply to "all municipal townships that now contain or may hereafter contain a city of one hundred thousand inhabitants," etc. Kaw township did not then, but it thereafter, before the date specified for the exercise of the power, did contain such a city. Kaw township at the time the General Assembly was making this law was the only township in the State to which it could apply, or could be enlarged so as to make it apply, on or before the date mentioned, and, therefore, we cannot shut our eyes to the fact that the purpose of the act was the benefit of Kaw township, and the words "that now contain or may hereafter contain a city," etc., were perhaps used also to avoid the clause of our Constitution that restricts the power of the General Assembly in enacting local legislation. Of course it was possible

that there might, after the date of the statute, be a township other than Kaw that would contain such a city, although it was altogether improbable that such would be the case between the passage of the statute and the 1st day of March, 1890. The question of the validity of that clause of the statute is not involved in this case, and we do not wish to be understood as giving any opinion or intimation on that subject. The question we are now concerned with is, assuming the statute to be valid, did it confer on the county court of Jackson county the power to divide Kaw township into justice-of-the-peace districts at its May term, 1910?

The contention of respondents is that the date specified in the statute, March 1, 1890, is the first date on or before which the county court could act, but not the last. The fault of that argument is that it reads into the statute words that are not contained therein and very greatly enlarges the power granted. It is argued that unless we give the statute that interpretation we must condemn it as unconstitutional. If the statute confers the power to act but once and at a certain time, we cannot add to it a power to act often and at many times, even if it were necessary to do so in order to avoid condemning it as obnoxious to the Constitution. There is a subsequent clause in the same section which relates to the election of justices of the peace, providing that they shall be elected at the general election in 1890 and every four years thereafter, but there is nothing to indicate that the districts are to be defined first in 1890 and every four years thereafter or at any time thereafter. The specification in one clause of the section that the dividing of the county into districts shall be done at a certain date, and the specification in a clause immediately following in the same section that the election to supply those districts with justices of the peace shall be held at a certain date and every four years thereafter, indicate that the Legislature intended the one act to be final, the other recurrent.

Whatever may be said or conjectured as to the applicability of this clause of the statute to townships that may hereafter grow to contain cities of the required population, that is, as to the time the power is to be exercised, certain it is the statute is explicit enough as to the time within which the power was to be exercised by the county court of a county that then had or that might thereafter, before the date named, have such a township. As to such the statute declared it should be exercised on or before March 1, 1890. That power once fully exercised was exhausted. If changed conditions render changes in the districts established February 24, 1890, necessary, further action by the General Assembly is necessary.

We hold that the county court of Jackson county had no power to divide Kaw township into justice-of-the-peace districts at its May term, 1910, and therefore the motion of the Attorney-General to quash the record of that court of date May 3, 1910, relating to the dividing of that township into justice-of-the-peace districts, is sustained, and the record is quashed. *Fox, C. J.*, *Gantt* and *Graves, JJ.*, concur; *Lamm, J.*, dissents; *Burgess* and *Woodson, JJ.*, not sitting.