THE STATE EX REL. RALPH MEYER ET AL. V. PHILIP SCHLOTZHAUER ET AL., Judges of County Court.

Division One, July 30, 1926.

**1. CERTIORARI: Questions Involved.** In a **certiorari** from the circuit court to the county court to send up its record pertaining to an order vacating a public road, the usual and only questions involved are (a) did the county court have jurisdiction and (b) if it had jurisdiction did it act in excess of its jurisdiction?

**2. ———: Procedural Errors: Evidence.** The writ of **certiorari** is not intended to take the place of an appeal, and hence procedural errors which do not involve jurisdiction or excess of jurisdiction are not for consideration in the trial of the writ. In the trial in the circuit court of a writ of **certiorari** directed to a county court to send up its record vacating a public road, the court cannot go behind the record of the county court, and cannot receive evidence tending to show that the road was necessary, had not been abandoned and should not have been vacated.

**3. ———: Jurisdiction: Vacating Road.** Where the record of the county court shows every jurisdictional fact necessary in an order vacating a public road, as required by the statute, and shows no excess of jurisdiction, the order cannot be vacated by the circuit court upon writ of **certiorari**.

Corpus Juris-Cyc. References: Certiorari, 11 C. J., Section 17, p. 93, n. 88, 89 New; Section 26, p. 100, n. 77; Section 30, p. 103, n. 24. Highways, 29 C. J., Section 246, p. 532, n. 68, 69, 71, 73 New.

Transferred from Kansas City Court of Appeals.

AFFIRMED.

*Harry M. Dungan* for appellant.

(1) *Certiorari* is broad enough to be used where an appeal lies, and will issue when there is also an appeal and when issued the discretion of court not to issue has passed. 11 C. J., p. 114, note 78; State ex rel. v. Johnson, 138 Mo. App. 314; State ex rel. v. Guinotte, 156 Mo. 513, 528. (2) When jurisdictional facts do not appear from the record they may be shown, "or the existence of facts which, if apparent would have ousted the jurisdiction, may be shown *aliunde.*" 11 C. J. 201. "But if jurisdictional facts do not appear from the return they· cannot be supplied *aliunde.*" 11 C. J. 201. Under this we ought to have been allowed to show that this road was not useless and the repairing not a burden. Also, the absence from the record of a showing that the county court took up the petition for vacation at the next term was fatal, and gave authority

to set the vacation of the road aside. (3) The court can review the evidence concerning jurisdictional matters. 11 C. J. 197, note 10, and where evidence is *dehors* the record material to the case it should be admitted. Rogers v. County Court Clinton Co., 60 Mo. 101. Under this we should have been able to show that the enforced non-user for want of a bridge did not make the road useless, that the statute providing for vacation does not apply to the Duncan Mill Road at all. The county court erred in admitting any evidence as to the condition of the road since the bridge was taken away. The county has spent nothing for repair since that time.

*William E. Bissett* and *Tibbels & Bridgeman* for respondents.

(1) Relators had an adequate remedy by appeal; therefore the writ of *certiorari* would not lie. Laws 1921, p. 594; Re Big Hollow Road, 111 Mo. 326; State ex rel. Combs v. Staten, 187 S. W. 44; Clark v. Kilbridge, 220 S. W. 880. (2) The circuit court committed no error in refusing to allow appellants to introduce evidence in the circuit court showing the condition of the road in question and of its non-user. On a writ of *certiorari* the reviewing court is confined to the consideration of the record returned in obedience to the writ, by which the error, if any, must appear. 11 C. J. 199, sec. 355; State ex rel. Summerson v. Goodrich, 257 Mo. 40; Ward v. Board of Equalization, 135 Mo. 309. (3) The county courts of the various counties of this State have original jurisdiction of vacating public roads that in their judgment are useless and the repairing of the same an unreasonable burden upon the district or districts. R. S. 1919, sec. 10634. It is sufficient if the jurisdiction appears from any part of the record. State ex rel. v. Ross, 177 Mo. App. 230; State v. Staten, 187 S. W. 144.

GRAVES, J.—This case is certified to us by the Kansas City Court of Appeals upon the ground that title to real estate is involved. In the court *nisi* the proceeding was one by *certiorari* to quash the record of the County Court of Holt County in ordering a certain described public road of said county vacated. The road seems to have been commonly known as the Duncan Mill Road. Upon the issuance of the writ of *certiorari* by the circuit court, the respondents (judges of the county court) complied with the order of the writ by certifying up their record in the proceeding to vacate said road. The respondents, prior to the return (as it would seem), moved in the circuit court to quash the writ of *certiorari* theretofore granted by the circuit court, in this language:

"Come now the respondents, Philip Schlotzhauer, W. J. Glass and A. H. Goodpasture, Judges of the County Court of Holt County, Missouri, and move the court to quash the writ of *certiorari* hereto-

fore issued by the Circuit Court of Holt County, Missouri, against the respondents herein and for reasons state:

"1st. That said writ of *certiorari* was improvidently granted.

"2nd. That a writ of *certiorari* in said cause or in such a proceeding does not lie.

"3rd. That the petition filed in said cause by relators fails to state sufficient facts showing that relators are entitled to the writ of *certiorari* prayed for in their petition.

"4th. That the writ of *certiorari* does not lie to review orders wherein respondents, as judges of said county court, were acting in an executive or an administrative capacity.

"5th. That the petition of relators for a writ of *certiorari* herein fails to state facts showing that relators have such an interest in the subject-matter mentioned in their petition as entitles them to said writ of *certiorari*.

"6th. That said petition is insufficient in that it shows on its face that a mere interlocutory order, decision or decree has been made and is not subject to review by *certiorari*.

"7th. That said petition on its face fails to show where the alleged proceedings mentioned in said petition is pending.

"Wherefore, respondents pray that court that the writ of *certiorari* in said cause heretofore granted in this proceeding by this court be quashed, and if not quashed pray the judgment of this court whether respondents shall be required to make a return to said writ and for costs in this behalf expended."

There is nothing in the record to show any disposition of this motion. It may, however, tend to show the drift of the proceeding in the circuit court.

The circuit court disposed of the *certiorari* proceeding by the following judgment:

"Now, on this 10th day of March, 1923, same being the 11th day of the February term of the Holt County Circuit Court, this cause coming on for hearing and the respective parties appearing by counsel and announce ready for trial, said cause being by agreement of parties submitted to this court for hearing, and the court finds from the records certified up to this court from the County Court of Holt County, Missouri, that the proceedings of said county court in said cause were and are regular and conforming with the law and that the road described in the order of said county court and the other records of said court was legally vacated and the action of the said county court is hereby affirmed and the proceedings herein dismissed and it is hereby ordered and adjudged that defendants recover of and from applicant their costs in said cause."

After the overruling of timely motions for new trial and in arrest of judgment, the relators appealed. The questions raised and the

records bearing thereon will be noted in the course of the opinion. The foregoing is a general outline of the case.

I.   This is what might be denominated a pure common law *certiorari*, as distinguished from a *certiorari* to determine conflict of opinions of courts of appeals and this court and other strictly statutory

**Questions Considered.**
proceedings in *certiorari*.   It is a case of easy determination.   The respondents filed a return to the circuit court writ, which return brought all of the record in the county court pertaining to this proceeding to vacate the road in question.   Respondents challenge the sufficiency of the petition for the writ, in that, among other things, it is alleged to have no allegation therein showing relators have an interest in the proceeding. Other attacks are made upon the petition, but we need not encumber this opinion by a discussion of them, in the view that we have of the case.

Respondents filed a full return, i. e. a complete record ₊in the proceeding *nisi*.   With this record is the petition to vacate the road, and the remonstrance against such an act.   The record, as per the judgment, which we have copied, shows a trial and hearing in the county court, and no appeal therefrom by remonstrators.   But casting aside all surplus matter, the real and only questions in this case are (1) had the county court jurisdiction, or (2) if it had jurisdiction, did it act in excess of its jurisdiction?   These are the usual and only questions involved in a *certiorari* of the kind and character involved here. [1 Bailey on Habeas Corpus (and Other Extraordinary Legal Remedies) p. 621; State ex rel. Dawson v. St. Louis Court of Appeals, 99 Mo. l. c. 221; State ex rel. v. Smith, 176 Mo. l. c. 99.]

Our duty (as it was the duty of the circuit court) is to examine the record in the county court and from it determine the two questions we have suggested, i. e. (1) did the county court have jurisdiction at all, or (2) if it had jurisdiction did it exceed its jurisdiction? The judgment entered amounted in fact to the circuit court quashing its writ of *certiorari*, and upholding the judgment of the county court.

But of the questions, above stated, in what follows.

II.   A writ of *certiorari* is not intended to take the place of an

**Evidence.**
appeal, and hence procedural errors (not involving or going to jurisdiction, or excess of jurisdiction) can not be in the case before us. [State ex rel. v. Smith, 176 Mo. l. c. 100.]

We suggest this, because it is urged that the trial court (in this purely *certiorari* proceeding) erred in excluding certain evidence.

The trial court was right in excluding this evidence, because it had no place in the case.

By a bill of exceptions alleged to have been filed, and appearing in what is called "Additional Abstract, Bill of Exceptions and Assignment of Errors of Appellant," the following appears:

"Counsel for relators, to sustain the issues arising on the part of said relators, requested that Wm. M. Morris and Henry Hershner be sworn as witnesses in said cause. Whereupon, said witnesses were sworn, and the witness Wm. Morris was called to the stand on the part of said relators, and the following offer on the part of relators made:

"MR. DUNGAN: We offer to prove that the road in question was one of the most prominent roads in Holt County—probably the best road in Holt County across the Nodaway River on the east side of said county; that it was traveled by the public generally up until 1917, or thereabout, when a bridge across the drainage ditch which intersects said road was taken away by the county; that on account of such great obstruction, it has been ever since impossible to traverse the public road known as the 'Duncan Mill Road' continuously for a mile and a half, which is sought to be vacated in this proceeding; that on that account, the road has fallen into disuse, but at no time has it ever been abandoned, or useless, nor has the maintaining of the same been a burden upon the county, or district, or districts.

"THE COURT: The court refuses the offer, and refuses to hear that evidence in this case, for the reason the matter is here on *certiorari*, and the court has no right to go behind the records of the county court in a proceeding on *certiorari*; and the court in this proceeding has no right to invade the province of the county court to determine for itself whether or not a road is useless, and a burden on the county, so that it should be vacated.

"To which action and ruling of the court, the relators, by counsel, then and there duly excepted at the time, and still except.

"THE COURT: And the court finds, on the record, the court had jurisdiction, and acted within its jurisdiction.

"MR. DUNGAN: We want the court to find that this record is defective, and should be set aside on account of the defects in the record itself. We are asking that.

"THE COURT: The court has just found the record is not defective, and should not be set aside."

Under the authorities, supra, the court was right in excluding this tendered evidence, for the reason assigned by the court. The case was in *certiorari*, and not one upon appeal. The question of jurisdiction we leave for other paragraphs.

III. There are some technical questions upon which this case might be determined, but we prefer to go to the real questions. Relators Meyer and Heckman were remonstrators in the county court. The peculiar thing about this record is that relators do not attack the return of the respondents, except as to the exclusion of the proffered evidence, which we have discussed, supra.

Section 10634, Revised Statutes 1919, reads: "Any twelve freeholders of the township or townships through which a road runs may make application for the vacation of any such road or part of the same as useless, and the repairing of the same an unreasonable burden upon the district or districts; the petition shall be publicly read on the first day of the term at which it is presented, and the matter continued without further proceedings until the next term. Notice of the filing of such petition and of the road sought to be vacated shall be posted up in not less than three public places in such township or townships, at least twenty days before the first day of the next term of the court, and a copy of the same shall be personally served on all the persons residing in said district whose lands are crossed or touched by the road proposed to be vacated in the same manner as other notices are required to be served by law; and at the next regular term the same shall again be publicly read on the first day thereof. If no remonstrances be made thereto, in writing, signed by at least twelve freeholders, the court may proceed to vacate such road, or any part thereof, at the cost of the petitioners; but if a remonstrance thereto, in writing, signed by at least twelve freeholders, residents of such township or townships, be filed, and the court after considering the same shall decide that it is just to vacate such road, or any part thereof, against the vacation of which the remonstrance was filed, the costs shall be paid by the parties remonstrating, and the original costs and damages for opening such vacated road shall be paid by the petitioners to those who paid the same: *Provided,* that if five years have elapsed since the original opening of the same no such reimbursement shall be made."

Taking the return of the respondents, which is the whole record of the proceeding to vacate, it appears that this section of the statute was substantially followed. This record (taken as a whole) shows every jurisdictional fact. It not only shows jurisdiction, but fails to show any excess of jurisdiction.

Without making this opinion longer, it suffices to say that the judgment of the trial court in this *certiorari* proceeding is correct and should be affirmed. It is so ordered. All concur.