State of Missouri ex rel. Shaw State Bank, a Corporation, Respondent, v. Henry Pfeffle, Justice of the Peace within and for the Second District of the City of St. Louis, Missouri, Appellant.*

St. Louis Court of Appeals. Opinion filed February 21, 1927.

**1.—Certiorari—Office of Writ—Common Law.** A writ of certiorari performs the same office in this jurisdiction as at common law.

**2.—Same—No Writ of Right—Issuance Discretionary.** A writ of certiorari is not a writ of right, but issues only on special cause shown to the court to which application therefor is made, and such court is vested with a sound judicial discretion, dependent upon the established legal principles applicable to the particular facts of the case, either to grant the writ or to refuse it, as substantial justice may seem to require.

**3.—Same—Scope of Review.** The chief object of certiorari is to confine inferior tribunals within the limits of their respective jurisdictions and is the appropriate remedy to be pursued where an inferior court has acted either without or in excess or abuse of its jurisdiction, and the writ brings up for review the record of such inferior tribunal whereupon it becomes the duty of the reviewing court to consider such facts as appear from the face of the record, and which go to the jurisdiction of the court to which the writ was directed; however, the scope of review of the record of the inferior tribunal is not limited entirely to the question of jurisdiction, but the reviewing court may comprehend any error appearing upon the face of the record which cannot be reached by appeal or writ of error.

**4.—Same—Same—Appeals—Writ of Error—Jurisdiction.** Certiorari will not lie when there is a remedy by appeal, writ of error, or otherwise, whereby the errors, complained of may be reviewed, provided the inferior court had jurisdiction to render the judgment of which complaint is made.

**5.—Justices of the Peace—Certiorari—Jurisdiction—Proceedings Quashed —When.** Even though an appeal lies from the judgment of a justice of the

peace, his proceedings may nevertheless be quashed on **certiorari,** provided the want of jurisdiction appears on the face of his record.

**6.—Certiorari—Final Adjudication.** Certiorari must be founded upon a final adjudication of the matter involved.

**7.—Same—Return—Requisites.** There can be no return to a writ of certiorari except the record called for by the writ itself.

**8.—Justices of the Peace—Certiorari—Return of Justice—Conclusiveness.** The return of a justice of the peace to a writ of **certiorari** is conclusive and imports absolute verity, and extrinsic evidence may not be brought to the attention of the reviewing court either to support or overthrow it.

**9.—Same—Same—Inferior Tribunals—Jurisdiction—Intendments.** Since a justice court is an inferior tribunal which possesses limited and statutory jurisdiction only and does not proceed according to the course of the common law, no intendments may be allowed in its favor.

**10. —Same—Jurisdiction—Must Affirmatively Appear Both as to Person and Subject-matter.** Jurisdiction of a justice court both as to person and as to subject-matter must affirmatively appear upon the face of its proceedings.

**11.—Same—Same—Powers—Strictly Confined.** Justice courts being of limited statutory jurisdiction only, such court must be confined strictly within the limits of the powers conferred upon it.

**12.—Same—Same—Garnishments—Strict Compliance With Statutory Requirements—Prerequisite to Jurisdiction.** A strict compliance with the requirements of section 3070, Revised Statutes 1919, relating to garnishments in justice courts, is a prerequisite to support the court's jurisdiction over the garnishment proceedings.

**13.—Garnishments—Jurisdiction—Over Person—Over Res—Waiver.** While a garnishee by appearing cannot complain of a judgment, so far as it affects him personally, jurisdiction over the res can neither be waived nor conferred by consent; and mere jurisdiction over the person does not give the court jurisdiction over the res.

**14.—Same—Same—Execution—Return of Officer—Statutory Requirements.** In order to give the justice court jurisdiction over the property or credits garnished, there must be a return made by the officer upon the execution, which is the process of the court, showing that the essential statutory requirements have been fully complied with.

**15.—Justice of the Peace—Garnishments—Jurisdiction—No Execution or Return—Justice Acquires No Jurisdiction Over Res.** Where the record of the proceedings before a justice of the peace in a garnishment proceeding failed to show either the issuance of an execution or a return of the constable thereon as required by section 3070, Revised Statutes 1919, the justice acquired no jurisdiction over the **res,** and was therefore without authority to render a binding judgment with respect to the property or credits, if any, of the principal defendants in the hands of garnishee.

**16.—Justices of the Peace—Garnishments—Certiorari—Failure of Record to Show Jurisdiction—Judgment Properly Quashed.** Where the want of jurisdiction in a justice of the peace to render judgment in a garnishment proceeding appeared on the face of the record, brought up on **certiorari,** the judgment was properly quashed.

*Corpus Juris-Cyc. References: Certiorari, 11CJ, p. 88, n. 2; p. 111, n. 52; p. 113, n,. 78; p. 126; n. 62; p. 128, n. 3; p. 129, n. 8; p. 172, n. 59; p. 175, n. 16; p. 195, n. 70; p. 199, n. 26; Garnishment, 28CJ, p. 193, n. 59; p. 194,

n. 60; p. 233, n. 1, 6; p. 234, n. 12; p. 241, n. 25 New; Justice of the Peace, 35CJ, p. 487, n. 26; p. 488, n. 28, 29, 31, 32; p. 548, n. 28; p. 603, n. 12; p. 604, n. 36; p. 859, n. 20; p. 860, n. 23; p. 877, n. 60, 61; p. 880, n. 29; p. 882, n. 55; p. 884, n. 85.

Appeal from the Circuit Court of the City of St. Louis.—Hon. Claude O. Pearcy, Judge.

AFFIRMED.

*Jacob F. Pfeffle, Frank Lee,* and *Gatewood & Lee* for appellant.

(1) *Certiorari* will not lie to the final judgment of a justice of the peace, for the reason that the Legislature did not give the circuit court jurisdiction of suits instituted in the justice court, except by appeal. Its jurisdiction is derivative. Sec. 2890, R. S. 1919; Boren v. Welte, 4 Mo. 250; State ex rel. Perryman, 8 Mo. 208; State ex rel. Shelton, 154 Mo. 691; Moore v. Bailey, 8 Mo. App. 156; Cooksley v. Railway Co., 17 Mo. App., 138; State ex rel. Williams, 70 Mo. App. 238; Fry v. Armstrong, 109 Mo. App. 482; Neville v. May, 232 S. W. 209. (2) Abuses of all kinds, errors prejudicial, errors, real or fancied, go through a straightening-out process on appeal, and cannot be subjected to a strait-jacket method by *certiorari*. State ex rel. Wilson v. Rainey, 74 Mo. 234; Iba v. Railway Co., 45 Mo. 469; State ex rel. Kelley v. Trimble, 247 S. W. 191. (3) The right of appeal fixed by statute presupposes jurisdiction in the justice to enter judgment. If the justice is without jurisdiction the circuit court is without jurisdiction. All appeals are tried *de novo.* If the question concerns fraud in law, fraud in fact, error of judgment, and the like, an adequate remedy is provided by appeal. Cases cited supra. (4) The court denied the judgment creditor the right of the equal protection of the law, and deprived him of his property without due process of law, in disregard and violation of the Thirteenth Section of the Bill of Rights, Article II of the Constitution of the State of Missouri, and in disregard and violation of Article IV, Section 2, paragraph 1, of the Constitution of the United States, as supplemented by the First Section of the Fourteenth Amendment to the Constitution of the United States. State v. Julow, 149 Mo. 163; State ex rel. v. Wood, 155 Mo. 451.

*Marvin E. Boisseau* for respondent.

(1) *Certiorari* is the appropriate remedy when an inferior court has acted in excess of its jurisdiction. 5 Ruling Case Law, pp. 249, 250, 251, 253, 255, 256; 1 Bailey on Certiorari, pp. 635, 711, 730;

Spelling on Extraordinary Legal Remedies, pp. 1631, 1635, 1647, 1655; State ex rel. v. Landon, Circuit Judge, 265 S. W. 529; State ex rel. v. Shelton, 154 Mo. 670; State ex rel. v. Williams, 275 S. W. 534. (2) Justice courts are inferior courts, and all facts essential to their jurisdiction must appear on the face of their proceedings. Powell v. Railway Co., 178 S. W. 212; Severn v. Railway Co., 149 Mo. App. 631. (3) The return of the justice fails to show the necessary jurisdictional facts. (a) The absence of an execution and a return made by the Constable thereon is fatal to the justice's jurisdiction. R. S. 1919, secs. 1747, 1847; Nowell v. Porter, 62 Mo. 309; Fletcher v. Wear, 81 Mo. 524; Gates v. Tusten, 89 Mo. 1; Howell v. Sherwood, 213 Mo. 565; Howell v. Sherwood, 242 Mo. 531; Epstein v. Saborgne, 6 Mo. App. 352; Grocer Co. v. Carson, 67 Mo. App. 179; Decker v. Railway Co., 92 Mo. App. 50; Kansas & Texas Co. v. Adams, 99 Mo. App. 474; Haffner v. Rice, 129 Mo. App. 667. (b) The answer filed by relator as garnishee complied with all legal requirements, and the justice had no jurisdiction to proceed further. State v. Hicks, 178 Mo. 433; State v. Zehnder, 182 Mo. App. 161; State v. Brown, 262 S. W. 710; 36 Cyc. 449; Moss v. Booth, 34 Mo. 316.

BENNICK, C.—This is an appeal from the judgment of the circuit court, quashing, on *certiorari,* a judgment rendered by appellant, a Justice of the Peace within and for the Second District, city of St. Louis, Missouri, against Shaw State Bank, relator herein, in the amount of $500.

In the petition for the writ of *certiorari,* filed July 24, 1924, the following allegations appear:

"That on the 15th day of November, 1918, the respondent (appellant herein) in a suit pending before him in which R. W. Dick was plaintiff and R. V. Moran was defendant, based upon a promissory note executed by the defendant for the principal sum of four hundred and ninety-two dollars ($492), rendered judgment in favor of the plaintiff and against the defendant for the said principal sum of the note, together with interest amounting to one hundred seventy-six dollars and thirty cents ($176.30), making a total judgment of six hundred sixty-eight dollars and thirty cents ($668.30), rendered in favor of said plaintiff and against said defendant.

"That on the 20th day of March, 1923, as a result of proceedings for reviving the said judgment, respondent entered a judgment reviving the judgment theretofore entered by him for the sum of six hundred sixty-eight dollars and thirty cents ($668.30) and costs in favor of the aforenamed plaintiff and against the said defendant.

"That on the 14th day of June, 1924, at the request of the plaintiff in the above-entitled cause a summons of garnishment was served

upon the relator   .   .   .   , reciting that all the goods, chattels, moneys or evidences of debt which the relator then had belonging to the said R. V. Moran were attached, and summoning the relator as garnishee, said summons of garnishment being returnable before the respondent on the 24th day of June, 1924.

."That on the 18th day of June, 1924, the relator filed its answer to the interrogatories propounded by it before the respondent, . . ., and in said answer denied that it had in its possession or under its control any property, money, goods or effects belonging to the defendant R. V. Moran, and further denied that it owed the said defendant any money at the time of the service of the garnishment, or at the time of making said answer; that said answer was duly signed by Marcus Turney, vice-president of relator, and verified before a notary public, and was duly filed with the respondent on the 18th day of June, 1924.

"Relator further states that the said answer was on file before respondent at the return day of the summons of garnishment, to-wit, on the 24th day of June, 1924, and that the said answer was not denied or excepted to at any time by the plaintiff in said suit or by any one else; that under the law relator became thereupon discharged, and that the respondent had no further jurisdiction to make any order upon or enter any judgment against relator; that notwithstanding this the respondent made a memorandum upon the file in said cause marking the same continued until July 1, 1924; that upon the 1st day of July, 1924, the respondent made a further notation upon the file in said case to the effect that the same was continued until July 3, 1924; that on the 3rd day of July, 1924, the respondent, without any notice to the relator, without the production of any evidence, and without any hearing whatsoever, assumed to enter a judgment by default against the relator for the sum of five hundred dollars ($500.)   .   .   .

"Relator further states that the respondent was wholly without jurisdiction to render the said judgment against the relator, for the reason that respondent at no time acquired any jurisdiction over any funds in the hands of the relator belonging to R. V. Moran, and at no time were there any funds of the said R. V. Moran attached in the hands of the relator; that the said act on the part of respondent in rendering judgment against relator was in excess of respondent's jurisdiction, for the further reason that the relator was not in default on the return day of said summons of garnishment, but that complete and sufficient answers to the interrogatories propounded to it by law were on file with respondent at said time which answer was not denied, and that the judgment rendered by relator is void.

"Relator further states that it did not know and was not informed . of the acts on the part of said respondent until after the time for

taking an appeal had expired; that a writ of error will not issue to review the record of the respondent, and that a writ of *certiorari* issued out of this Honorable Court is the only adequate remedy now open to relator.''

In due course the circuit court issued its writ of *certiorari,* to which a motion to quash was filed by the justice but overruled by the court. Thereafter the justice filed the following return:

''Respondent, for return to the writ issued in the above entitled cause, denies each and every allegation and statement of fact in the petition of relator.

''Respondent, pursuant to the command of the within writ to me directed, herewith sends the complaint in the matter referred to in the petition of relator, together with all proceedings had or taken relating to said matter as fully and completely as they remain of record before me, particularly described and referred to as follows, to-wit:

''No. 1.   Petition of R. W. Dick, plaintiff, v. R. V. Moran, defendant.

''No. 2.   Affidavit of Vourdon Fricke.

''No. 3.   Summons for defendant in the case of Dick v. Moran, with return of Constable thereon.

''No. 4.   Letter of attorneys to plaintiff dated October 28, 1918.

''No. 5.   Exemption claim of defendant Moran.

''No. 6.   Affidavit of plaintiff to revive judgment.

''No. 7.   Letter of attorneys enclosing affidavit to revive judgment, dated March 6, 1923.

''No. 8.   Letter of attorneys dated April 16, 1923, asking for execution on revived judgment.

''No. 9.   Citation to revive judgment, with Constable's return thereon.

''No. 10.   Summons of garnishee to Weiss-Meyerricks Realty Loan Co., a corporation, Arnold A. Weiss and Geo. H. Meyerricks.

''No. 11.   Answer of garnishee Geo. H. Meyerricks.

''No. 12.   Answer of garnishee Weiss-Meyerricks Realty Loan Company, a corporation.

''No. 13.   Answer of garnishee Arnold A. Weiss.

''No. 14.   Letter of attorneys asking for execution on revived judgment, dated June 6, 1924.

''No. 15.   Summons of garnishee Shaw State Bank and Majestic Homes Corporation, with return of Constable thereon.

''No. 16.   Purported answer of Shaw State Bank.

''No. 17.   Copy of letter dated June 25, 1924, requesting garnishee Shaw State Bank to make proper answer.

"I certify that judgment was rendered against the Shaw State Bank in the amount of five hundred dollars ($500) on July 3, 1924.

"Given under my hand this 26th day of July, 1924.

"Henry Pfeffle,

"Respondent Justice of the Peace."

On December 8, 1924, the circuit court rendered its judgment quashing the judgment theretofore rendered by the justice against relator and ordering that relator be released and discharged as garnishee, from which judgment, after an unavailing motion for a rehearing, this appeal has been perfected.

We gather from the abstract of the record and briefs that this entire controversy arose because relator's vice-president, who signed the answer to the interrogatories, affixed his signature to the caption of the answer immediately underneath the words "Shaw State Bank" instead of at the close of the answer and above the jurat. The justice took the view, evidently, that the answer was improperly signed, or, in the language of the statute, not full and direct, and therefore void; and, accordingly, rendered judgment by default against relator.

Appellant has assigned twenty alleged errors which, for the sake of brevity, we will not proceed to consider *seriatim,* inasmuch as all of them involve in one form or another the sole question of whether *certiorari* was available to relator as a means for obtaining relief from the judgment rendered in the justice's court against it. The determination of this question necessarily requires a brief discussion of the legitimate scope and purpose of *certiorari* in this State.

We begin with the well-established principle that the writ of *certiorari* performs the same office in this jurisdiction as at common law. [State ex rel. v. Landon, 304 Mo. 654, 265 S. W. 529; State ex rel. v. Goodrich, 257 Mo. 40, 165 S. W. 707; State ex rel. v. Dawson, 284 Mo. 490, 225 S. W. 97; State ex rel. v. Trimble, 310 Mo. 150, 274 S. W. 1075.] It is not a writ of right, but issues only on special cause shown to the court to which application therefor is made; and such court is vested with a sound judicial discretion, dependent upon the established legal principles applicable to the particular facts of the case, either to grant the writ or to refuse it, as substantial justice may seem to require. [State ex rel. v. Henderson, 160 Mo. 190, 60 S. W. 1093; State ex rel. v. Hall, 282 Mo. 425, 221 S. W. 708; State ex rel. v. Trimble, supra; 11 C. J. 128.]

The chief object of *certiorari* is to confine inferior tribunals within the limits of their respective jurisdictions, and it is, therefore, the appropriate remedy to be pursued where an inferior court has acted either without or in excess or abuse of its jurisdiction, although it may not be used as a substitute for appeal or writ of error. [State ex rel. v. Shelton, 154 Mo. 670, 55 S. W. 1008; State ex rel. v. Reynolds, 190 Mo. 578, 89 S. W. 877; State ex rel. v. Broaddus, 238

Mo. 189, 142 S. W. 340; State ex rel. v. Wurdeman, 254 Mo. 561, 163 S. W. 849; State ex rel. v. Williams, 310 Mo. 267, 275 S. W. 534; State ex rel. v. Schlotzhauer (Mo.), 286 S. W. 82; State ex rel. v. Westhues (Mo.), 286 S. W. 396; State ex rel. v. Edwards, 104 Mo. 125, 16 S. W. 117; State ex rel. v. Goodrich and State ex rel. v. Landon, supra.] The writ brings up for review the record of such inferior tribunal, whereupon it becomes the duty of the reviewing court to consider such facts as appear from the face of the record and which go to the jurisdiction of the court to which the writ was directed. The office of *certiorari* has, however, been made somewhat broader in this State than the above statement of the rule would indicate. It has been held that the scope of review of the record of the inferior tribunal is not limited entirely to the question of jurisdiction, but that the reviewing court may comprehend any error appearing on the face of the record which cannot be reached by appeal or writ of error. [State ex rel. v. Mosman, 231 Mo. 474, 133 S. W. 38.]

The controversy in this case centers chiefly around the fact that relator, had it been advised of the entry of the judgment against it in the justice's court, could have taken an appeal to the circuit court in the manner and within the time provided by statute. It is argued most earnestly that inasmuch as *certiorari* may not take the place of appeal, the existence of such remedy in this case, whereby a trial *de novo* might have been had in the circuit court, precluded a resort by relator to *certiorari*. As we understand the practice in this State, however, governed as it is by the common law, this contention is not well taken. The better statement of the rule is that *certiorari* will not lie when there is a remedy by appeal, writ of error, or otherwise, whereby the errors complained of may be reviewed, provided the inferior court had jurisdiction to render the judgment of which complaint is made. But when such court had no jurisdiction, *certiorari* is the appropriate remedy, as we have indicated above; and the question of a remedy by appeal is not involved where *certiorari* is resorted to upon the ground of absence, excess, or abuse of jurisdiction, and particularly is this true when the writ is directed to an inferior tribunal possessing limited and statutory jurisdiction only and not proceeding according to the course of the common law, such as a justice's court. [Bailey on Habeas Corpus (and other extraordinary legal remedies), p. 653.] In other words, even though an appeal lies from the judgment of a justice of the peace, his proceedings may nevertheless be quashed on *certiorari,* provided the want of jurisdiction appears on the face of his record. [Harris v. Barber, 129 U. S. 366, 32 L. Ed. 697, 9 Sup. Ct. Rep. 314.]

It is suggested, however, that without regard to whether the judgment of the justice was void or merely voidable, *certiorari* would not be available in this case for the reason that the proceedings in the

justice's court had culminated in a final judgment before the issuance of the writ. It is true that certain early cases cited by learned counsel in support of their position do so hold. It is significant, however, that in all of such cases the writ of *certiorari* was employed therein to take the place of an appeal, whereby irregularities in the proceedings had before the justice might be corrected, and that in none of them was there an absence of jurisdiction in the justice to render the judgment sought to be reviewed. The rule announced in the later and controlling decisions in this State is that *certiorari* must be founded upon a final adjudication of the matter involved. [State ex rel. v. Valliant, 123 Mo. 524, 27 S. W. 379; State ex rel. v. Edwards and State ex rel. v. Goodrich, supra; State ex rel. v. Circuit Court, 168 Mo. App. 29, 151 S. W. 178.] Furthermore, our search through the treatises on the subject has disclosed that such practice is also supported by the weight of authority elsewhere. [11 C. J. 126; 5 R. C. L., sec. 15; Bailey on Habeas Corpus (and other extraordinary legal remedies) p. 711.] In discussing wherein the several extraordinary legal remedies lie, our Supreme Court, in State ex rel. v. Williams, supra, has clearly said:

"*Certiorari* serves the purpose of undoing a thing done, without jurisdiction, or in excess of jurisdiction, after it has been done. Prohibition is the remedy where the act beyond jurisdiction, or in excess of jurisdiction, is threatened, but not done. So, too, if the court has jurisdiction to proceed but refuses to proceed, the correlative remedy by mandamus may be invoked to compel such court to proceed."

The return that was made by the justice in this case is the only return that could have been made by him, inasmuch as there can be no return to a writ of *certiorari* except the record called for by the writ itself. [State ex rel. v. Broaddus, 245 Mo. 123, 149 S. W. 473; State ex rel. v. Patterson, 229 Mo. 364, 129 S. W. 894; State ex rel. v. Baker, 170 Mo. 383, 70 S. W. 872.] Furthermore, such return is conclusive and imports absolute verity, and extrinsic evidence may not be brought to our attention either to support or overthrow it. [Hannibal & St. Joe R. Co. v. State Board of Equalization, 64 Mo. 294, 308; House v. Clinton County Court, 67 Mo. 522; Ward v. Board of Equalization, 135 Mo. 309, 36 S. W. 648; State ex rel. v. Brasher, 200 Mo. App. 117, 201 S. W. 1150.] Our duty, therefore, as it was also the duty of the circuit court, is to scan the record of the justice for such defects and errors, if any, as may be found upon the face thereof and which are jurisdictional in their nature.

In turning to the record we are mindful that since a justice's court is an inferior tribunal which possesses limited and statutory jurisdiction only and does not proceed according to the course of the common law, no intendments may be allowed in its favor. [Sutton

v. Cole, 155 Mo. 206, 55 S. W. 1052; State ex rel. v. Hopkins, 87 Mo. 519; Powell v. St. Louis, I. M. & S. R. Co. (Mo. App.), 178 S. W. 212; Severn v. St. Louis & S. F. R. Co., 149 Mo. App. 631, 129 S. W. 477; State v. Hobbs, 218 Mo. App. 448, 279 S W. 200.] To the contrary, it is necessary that its jurisdiction both as to person and as to subject-matter affirmatively appear upon the face of its proceedings. Being of limited and statutory jurisdiction only, such court must be confined strictly within the limits of the powers conferred upon it. We shall not be concerned with the correctness of the judgment of the justice, if it shall appear that he had jurisdiction to render it, but we shall determine whether in rendering such judgment he complied with the statutory conditions which alone could authorize the exercise by him of his general power in the particular case before him.

In support of its contention that the record of the proceedings in the justice's court fails to show that the justice had jurisdiction to render a judgment against relator as garnishee, the point is made (among others) that the record does not show the issuance of and a return by the constable on an execution. An examination of the return filed by the justice herein discloses that this point is well taken.

The statute relating to garnishments in justices' courts (Sec. 3070, R. S. 1919), provides that if there be not sufficient goods and chattels whereon to levy an execution, the constable shall summon garnishees. It is obvious that this statute presupposes the issuance of an execution prior to the institution of the garnishment proceedings. It is expressly provided by section 1847, Revised Statutes 1919, the general garnishment statute, that when a *fieri facias* shall be issued and placed in the hands of an officer for collection, it shall be the duty of such officer, when directed by plaintiff, to summon garnishees; and that the service of garnishment in such case, and the subsequent proceedings, shall be the same as in the case of garnishment under an attachment, which procedure is outlined in section 1747, Revised Statutes 1919.

A strict compliance with the statutory requirements is a prerequisite to support the court's jurisdiction over the garnishment proceedings. While a garnishee by appearing cannot complain of a judgment, so far as it affects him personally, jurisdiction over the *res* can neither be waived nor conferred by consent; and mere jurisdiction over the person does not give the court jurisdiction over the *res*. [Gates v. Tusten, 89 Mo. 13, 14 S. W. 827; Federal Truck Co. v. Mayer, 216 Mo. App. 443, 270 S. W. 407; Epstein v. Salorgne, 6 Mo. App. 352; Masterson v. Mo. Pac. R. Co., 20 Mo. App. 653; Trinidad Asphalt Mfg. Co. v. Standard Oil Co., 214 Mo. App. 115, 258 S. W. 64; Kansas & Texas Coal Co. v. Adams, 99 Mo. App. 474, 74 S. W. 158; Hopkins v. Henson, 205 Mo. App. 384, 224 S. W. 119; Connor

v. Pope, 18 Mo. App. 86; Swallow v. Duncan & Gregory, 18 Mo. App. 622.] In order to give the court jurisdiction over the property or credits garnished, there must be a return made by the officer upon the execution, which is the process of the court, showing that the essential statutory requirements have been fully complied with. [Norvell v. Porter, 62 Mo. 309; Howell v. Sherwood, 213 Mo. 565, 112 S. W. 50; Commercial Real Estate & Brokerage Co. v. Riemann, 116 Mo. App. 649, 93 S. W. 305; Todd v. Mo. Pac. R. Co., 33 Mo. App. 110; Gregar Grocer Co. v. Carlson, 67 Mo. App. 179; Kansas & Texas Coal Co. v. Adams, supra.] Inasmuch as the record of the proceedings before the justice in the case at bar fails to show either the issuance of an execution or a return of the constable thereon, we cannot escape the conclusion that the justice acquired no jurisdiction over the *res* and was, therefore, without authority to render a binding judgment with respect to the property or credits, if any, of the principal defendant in the hands of the relator. Such being true, and the want of jurisdiction in the justice to render the judgment complained of appearing on the face of his record, it follows that his judgment was properly quashed on *certiorari.*

Accordingly, the Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.